STEMPNIK etc v DOLL et

Ohio Appeals, 6th Dist, Lucas Co

No 3009. Decided Jan 21, 1934

A. R. Kipperman, Toledo, and Fritsche & Winchester, Toledo, for plaintiff in error.

Fred G. Carpenter, Toledo, for defendant in error.

**OPINION**

By OVERMYER, J.

It will be noted that the only judgment entered in the case was entered on August 20, 1934, at the conclusion of the trial and nearly two months before the motion for new trial was overruled, and that no judgment was entered following the overruling of the motion for new trial.

In the case of **Boedker v Richards Co., 124 Oh St 12,** the Supreme Court has construed §11599 GC governing the entry of judgments, and it is there held that in jury cases, even though a jury be waived, no judgment can be entered by the court until after the expiration of the time for filing a motion for new trial, or, if a motion for new trial is filed, then the judgment can only be entered after the overruling of the motion. In that case, a judgment had been entered by the court at the conclusion of the trial and again after the overruling of the motion for new trial. In the case at bar, no attempt was made to enter judgment after the overruling of the motion for new trial.

In the Boedker v Richards Co. case, supra, the court concluded:

"We have therefore reached the conclusion that the first judgment, entered within the three-day period, when a judgment could not have been entered upon the verdict of a jury, was ineffective to start the running of the limitation."

In **45 Oh Ap, 521 (15 Abs 188),** it is held:
"In action at law, motion for new trial, filed in time, suspends prior finding of court and judgment cannot be entered until disposed of motion for new trial.

Failure of party to demand jury trial does not change character of case as triable by jury."

In **Reiter v Ginocchio, Recr., reported in Ohio Law Reporter, Nov. 6, 1933, page 142** (Hamilton County Court of Appeals), the court held:
"A motion for new trial was filed after the finding of the court in the form of a judgment was entered. This motion was overruled and no subsequent judgment was entered, as is held necessary in **Boedker v Richards Co., 124 Oh St, 12; 176 NE 660.**"

In the case before us, under the foregoing authorities, there is no judgment before us for review, there having been no judgment entered in the court below following the overruling of the motion for new trial, and if the judgment attempted to be entered on Aug. 20, 1934, could be considered for any purpose, it would be apparent from the

record that the petition in error was not filed until one hundred and sixteen days thereafter, viz: Dec. 14, 1934.

It will be noted that the entry on the court's finding of August 20th recites that the so-called judgment is entered against the defendants and in favor of the plaintiff, "Harriett E. Doll et." One of the grounds of error claimed is that there is no certainty and definiteness as to who recovered the judgment. A sheriff, in making distribution after collection of the judgment, would certainly have to know who recovered it. It is also claimed that Harriett E. Doll, one of the plaintiffs, was not a member of the partnership when suit was brought, and that Anthony Doll, Jr., who was not one of the plaintiffs, was in fact a member of the partnership when suit was brought. This appears from the certificate of partnership filed in New York, Exhibit A of the deposition of witness Schweickert, one of the plaintiffs.

It is essential to know in every lawsuit who the parties plaintiff are, and this fact should be definitely established by the parties on the trial, so that if a judgment is recovered the entry may definitely show who is recovering it. Otherwise the judgment might be wholly invalid against anybody.

For the reason that there is no judgment before us for review, under the authorities heretofore cited herein, the petition in error is dismissed and the case is remanded for costs.

RICHARDS and LLOYD, JJ, concur.