Robinson, J.
 

 The error here assigned is that the Court of Appeals erred in sustaining the motion of the defendant in error to dismiss the petition in error and in rendering judgment dismissing the petition in error..
 

 The transcript of the docket and journal entries of the Court of Appeals discloses: September 14, 1922, plaintiff in error filed his petition in error, summons was issued, and service made; December 1, 1922, the cause dismissed for want of prosecution; December 20, 1922, application for a rehearing denied; December 27, 1922, “This cause being on November 22, 1922, called for trial, and the plaintiff failing to appear in person or by attorney, the action is hereby dismissed for want of prosecution;” December 20, 1922, “this cause came on for hearing on application for rehearing, and the court on due consideration denied said application. To which ruling exceptions are taken.”
 

 This meager record brings nothing here upon which we could base a conclusion that the Court of Appeals has abused its discretion in dismissing the petition in error.
 

 An examination of the docket and journal entries of the court of common pleas and of the bill of exceptions allowed by that court, all of which are filed in this court, but do not appear to have
 
 *169
 
 been filed in the Court of Appeals, discloses that on May 29, 1922, judgment on the verdict of a jury was rendered; that on the 7th day of July, 1922, an entry was made vacating the order overruling the motion for a new trial and granting a rehearing of the motion, and, at the same time and in the same entry, again overruling the motion for a new trial. No entry, however, appears vacating the judgment of May 29, 1922, but, at the same time, and in the same entry which granted the motion for a rehearing of the motion for a new trial and overruled the motion for a new trial, judgment was again rendered upon the verdict of the jury.
 

 It thus appears that the proceeding to vacate the judgment was begun in the Court of Appeals on the hundred and seventh day after judgment and that plaintiff in error had filed no hill of exceptions in the Court of Appeals at the time his cause was dismissed for want of prosecution, therefore, by virtue of the fact disclosed by the record here that the judgment of May 29, 1922, had never been vacated, plaintiff in error was, on the date he filed his petition in error in the Court of Appeals, barred by Section 12270, General Code, from beginning a proceeding in that court to vacate the judgment of the court of common pleas.
 
 Wells
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71.
 

 Were we able from the record to determine that the Court of Appeals abused its discretion in dismissing the petition in error, which we are not, we would be driven to find that plaintiff in error was not prejudiced thereby, since he did not bring
 
 *170
 
 his action to reverse the judgment within the time limit fixed by statute.
 

 While the record in the Court of Appeals did not disclose this impediment to the prosecution of plaintiff in error’s cause, had the cause been retained there, its existence must eventually have been disclosed, and, since it existed, no error which could have occurred in that court could have prejudiced his rights, he having no right to have his cause there for review, because of the provision of Section 12270, General Code.
 

 Judgment affirmed.
 

 Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.