## No. 46

### LAKEWOOD (City) v. DALY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6784. Decided Nov. 2, 1925

**1223. VACATION—Court has jurisdiction over its dockets during the term and while its language in overruling a motion for a new trial referred to such motion only, such language taken to be merely descriptive and used in reference to vacation of entry.**

## STATE COURT OF APPEALS—Continued

VICKERY, J.

This case was instituted in the Cuyahoga Common Pleas by Alice Daly against Lakewood and a judgment was rendered in her favor for $19,000 on April 22nd. Within three days, a motion for a new trial was filed and on May 4th the motion for a new trial was overruled.

On June 22nd. the city of Lakewood filed a motion for re-hearing of the motion for a new trial and the motion for a rehearing of the motion for a new trial was granted and the entry of May 4th overruling the motion for a new trial was set aside. Three days later, the City filed a supplemental motion for a new trial and on July 1st, 1925, the court overruled the same to which the city excepted. Judgment on verdict in favor of Daly for $19,000 and costs.

Dating from July 1st, and within the time allowed by law, the city filed a bill of exceptions and in proper time a petition in error was filed in the Court of Appeals. Dating the date of the judgment as of May 4th, neither the petition nor the bill of exceptions was filed within the statutory time; and it was upon this theory that Daly filed a motion in the Court of Appeals to dismiss the City's petition in error. The Court of Appeals held:

1. Proceedings in error must be begun within the statutory time, and if there be a judgment such proceedings must be instituted within 70 days from the time the judgment was entered, irrespective of the motions for a new trial.

2. Where the entry overruling a motion for a new trial is vacated, that, of itself, does not vacate the judgmeent. Wyatt v. Russell, 109 OS. 167.

3. The usual practice of the court is to enter motion for a new trial overruled and judgment thereafter is entered by the clerk.

4. The only entry of May 4th. was the one by the court finding that Daly was entitled to recover her damages and costs. On June 22nd this entire entry of May 4th. was vacated.

5. It is true the court used the words, "the motion for a rehearing of the motion for a new trial is granted and the entry of May 4, 1925 overruling the motion for a new trial is set aside," but that was simply to designate and point out the entry referred to.

6. From June 22nd until July 1st., there was no judgment in this case. The only judgment there is in this case was that of July 1st when the court made an entry on that date. "Judgment on verdict in favor of plaintiff for amount thereof $19,000 and costs. Defendant excepts."

7. This is the only judgment in this lawsuit and the time could manifestly begin to run from that period. The question then is whether or not a judge has control of his dockets during the term, which is answerable in the affirmative.

8. Did the court vacate the judgment of May 4th? If it did not, then the petition in error and bill of exceptions were not filed on time; if it did, then they were filed on time.

9. It is shown beyond any question of doubt that the judgment of May 4th was vacated. It was corroborated by the fact that the court again entered judgment on July 1st. and there was no judgment to which error could be prosecuted until July 1st.

10. The court vacated not only the entry overruling the motion, but the entry entering judgment; and though the language referred to the overruling of the motion, it was merely descriptive of the entry to which it referred and the entire judgment was vacated and set aside.

11. Error proceedings having been brought within the statutory time as from July 1st, the motion for a rehearing is overruled.

Motion of Daly overruled.

Attorneys—Arthur E. Brueckner, Lakewood, for City; Mooney, McCormack, Roth and Pollack, Cleveland, for Daly.