ROSE CO. v. ROSS

Ohio Appeals, 9th Dist., Summit Co.

No. 1238. Decided Nov. 2, 1926

941. PRACTICE & PROCEDURE—Where a valid judgment has been entered upon a verdict and the same judgment has been reentered at a later date without vacating the first judgment, the date of said first judgment is the date from which to compute the seventy-day limitation period provided in 12270; and if the petition in error is not filed within said period the Court of Appeals is without jurisdiction.

WASHBURN, J.

Elmer P. Ross sued the M. J. Rose Co. in the Summit Common Pleas and recovered a judgment for $900, the record disclosing that the verdict was returned May 5, 1926, that the company filed a motion for a new trial May 7; that on June 14th, an entry was prepared by Ross' attorney which was submitted to the attorneys for the Company who having approved same (but noting an exception) it was submitted to the trial court and approved, and then filed by the clerk. An execution to collect said judgment as issued to the sheriff Aug. 25, but what became of the judgment does not appear.

It further appears that on Sept. 7, 1926, the attorney for the Rose Co. prepared an entry overruling the motion for a new trial and again entering judgment on the verdict, which entry was submitted to attorneys for Ross, and after same was O. K'd (the attorneys for Ross noting an exception) was submitted to the court and approved, then filed with the clerk and duly spread upon the journal.

On Sept. 25, 1926, the attorneys for the company filed a petition in error, in the Court of Appeals, which was filed in time if the statute began to run from the date of the judgment of Sept. 7, but was not in time if it ran from the date of June 14th. Attorneys for Ross filed a motion to dismiss the petition in error because same was not filed within 70 days and the Court of Appeals held:

1. The granting of a motion, after judgment to vacate a former order of the court overruling a motion for a new trial, and an entry of a new order overruling the motion for a new trial, are not effective to postpone the date from which the statute limiting the time within which a proceeding in error may be commenced begins to run, where the judgment upon the verdict antedates such entry and has not been vacated. 109 OS. 167.

2. By virtue of 11,599 GC. it is claimed that the first judgment that was rendered on the verdict, that is the entry of judgment without overruling the motion for a new trial, was unauthorized, and null and void.

3. The section above provides that where no motion for a new trial is filed, within three days, the clerk, without any action on part of the court, shall enter judgment upon the verdict; and further provides that when a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion.

4. In the case at bar the clerk did not enter judgment on the verdict that was entered while the motion for a new trial was pending; but such judgment was rendered by the court with approval of the attorneys.

5. The trial court had jurisdiction of the subject matter and the parties and if the judgment should not have been entered at that time it was an erroneous and not a void judgment.

6. Such error could be corrected only by filing a petition in error within the time prescribed by statute and same was not filed in time to let this court correct the error.

Motion sustained; and petition dismissed.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Lahrmer & Hadley for Company; Carl M. Myers for Ross; all of Akron.