## COLUMBUS RAILWAY, POWER & LIGHT CO v C & Z FURNITURE, WAREHOUSE & AUCTION CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2157. Decided Oct 4, 1932

HORNBECK, J.

There is but one material controverted legal question, namely, was there a judgment of the Municipal Court at the time plaintiff in error filed·its appeal bond. If so, the action of the Common Pleas Court in dismissing the appeal was erroneous.. If not, it was correct.

It is fundamental and a statutory provision that an appeal from the Municipal Court must be prosecuted from a final judgment. §1558-75a, GC:

"In all cases not otherwise specially provided by law, either party may appeal from the **final judgment** of the Municipal Court to the Court of Common Pleas of Franklin County."

And also §1558-75c GC:

"The party appealing must, within ten days from the rendition of the judgment

Henderson, Burr, Randall & Porter, Columbus, for plaintiff in error.

Arthur L. Rowe, Columbus, amicus curiae.

W. W. Metcalf, Columbus, for defendant in error.

enter into an undertaking to the adverse party with at least one good and sufficient surety, etc., * * *."

The Municipal Court, acting within its statutory power to promulgate rules and regulations, adopting the theory that §1558-77, GC, controlled its procedural powers, issued this rule, being number 34,

"In all cases at law, tried to the court without the intervention of a jury, the court shall make a finding for the plaintiff or the defendant, as the case may be, and judgment shall be entered upon such finding by the clerk in accordance with the provisions of §11599 GC, as in cases in which a verdict is rendered by a jury."

Sec 1558-77, GC, in part provides:

"The laws governing the Court of Common Pleas as to security for costs, motions for new trials, vacation or modification of judgment, before and after terms, * * * shall be held to apply, so far as applicable, to the Municipal Court."

Sec 11599, GC, relating specially to procedure in Common Pleas Court, provides:

"When a trial by jury has been had, the judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial, if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court ·has sustained such verdict by overruling the motion. Upon such overruling, it shall be immediately entered."

It will be noted that this section begins by providing that "When a trial by jury has been had, the judgment must be entered" as thereinafter provided.

The Supreme Court in **Boedkar v Warren E. Richards Co., 124 Oh St 12**, has said that this section applies to a trial had in Common Pleas Court in a law case wherein the jury was waived and the cause presented to the judge alone; and further held that under the last part of this section, which is mandatory, no judgment shall be entered "when a motion for a new trial is filed," unless the court sustains such verdict by overruling the motion. Construing the statute, the Supreme Court said

in the Boedkar case that there could be no final judgment entered prior to three days after the finding or verdict of the trial court, and that an attempt to render judgment prior to such time was ineffective. Thus, we are required to say that, if §11599, GC, is the procedure which the Municipal Court is required to follow there was no judgment in the instant case prior to the overruling of the motion for a new trial, and as the appeal bond was attempted to be perfected upon the action taken prior to the overruling of the motion, it was premature and unauthorized. **Wilson v Holman, 2 Ohio 253.**

It is asserted by counsel for plaintiff in error and counsel amicus curiae that §1558-59, GC, and particularly part 5 thereof, requires the Municipal Court in entering judgments to follow the procedure outlined for Justices of the Peace. That part of the section relied upon is as follows:

"The laws relating to practice and procedure in actions before justices of the peace and police courts defining the rights and obligations of parties and prescribing the powers and duties of officers thereof, shall apply to like proceedings in the Municipal Court is so far as consistent with the provisions of this act and of other laws relating to said Municipal Court."

And, as further defining the obligations of the Justice of the Peace, we are referred to §10378, GC, which provides:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be rendered immediately after the close of the trial, if the defendant has been arrested or is properly attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

It may be observed that the proceedings for new trial in the Justice of the Peace Court and the grounds therefor are different than are provided in the Common Pleas Court.

**Sec 10352, GC**, controlling the subject of "new trial" in the Justice's Court provides:

"The justice before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, partiality or undue means, at any time within four days after the entering of **judgment**, may grant a new trial."

244

Here the motion for a new trial is not contemplated until after judgment has been entered, pursuant to §10378, GC, but in Common Pleas Court a new trial could not be granted in the situation and upon the grounds presented in the instant case after judgment rendered.

As §1558-77, GC, expressly provides that the laws governing the Court of Common Pleas as to motions for new trials shall be held to apply so far as consistent with the act to the Municipal Court, we would have an incongruity if we attempted to restrict the Municipal Court to the procedure for new trials as relates to the Justices of the Peace. It is evident that the Legislature could not have intended the Municipal Court to be restricted to Justices of the Peace procedure, as to the granting of new trials, in view of §1558-77, GC.

The Municipal Court Act of Columbus and similar acts throughout the state all disclose a purpose to grant wider and more extended jurisdiction to these courts than is vested in Justice of the Peace courts. It is a well recognized rule of statutory interpretation that where general terms or expressions in one statute are inconsistent with more specific or particular provisions in another statute the particular provisions must govern unless the statutes, as a whole, clearly show a contrary intention. 59 C.J., 1000; State ex Elliott Co. v Connor, Supt., etc., 123 Oh St, 310. That part of §1558-59, GC, relating the practice and procedure in the courts of the Justice of Peace to the Municipal Court of Columbus is general in its terms. §11599 (§1558-77) GC, is specific, in that it provides that the laws governing the Court of Common Pleas as to motions for new trials shall be held to apply, so far as applicable to the Municipal Court. The procedure as to new trials in Common Pleas Court is applicable to the Municipal Court and without such provision the Municipal Court would be hampered and restricted in effectuating the judicial work which it was created to perform. If we rightly interpret the jurisdiction of the Municipal Court respecting its entering of judgments, its passing on motions for a new trial, to be the same as provided in Common Pleas Court, we have a systematic and consistent procedure. We are convinced that such is the meaning and intent of the law. Thus, the action of the Municipal Court respecting its power to enter a judgment when a motion for new trial is pending after verdict or finding is controlled by §11599, GC. This having been interpreted by the Supreme Court in the Boed-

kar case, we are required to hold that the action of the Common Pleas Court in dismissing the pretended appeal of plaintiff in error was correct, and must be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.

ON MOTION FOR REHEARING

Decided Oct 18, 1932

BY THE COURT:

Submitted on application of plaintiff in error for rehearing. The basis for rehearing is the submission of the case of Morton v Savin, 17 Oh Ap, 50.

We appreciate the courtesy of counsel for plaintiff in error in giving the court the benefit of decision which was not before it in the original hearing. However, as is recognized by counsel, this case was decided before the case of Boedker v Richards Company, 124 Oh St, 12, upon which we relied in our former decision. It follows then that the Morton case could not be controlling upon us.

We, therefore, adhere to our former decision and the application for rehearing will be denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.