**GETZUG v BELVEDERE BUILDING CO**

Ohio Appeals, 1 st Dist, Hamilton Co

Decided Feb 20, 1933

S. Geismar, Cincinnati, for plaintiff in error.

Divers & Warm, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

On review, the Court of Common Pleas found that the burden was on the defendant to establish his defense. We presume he means the month to month tenancy, and held the burden was on the defendant to establish the month to month tenancy. This, of course, was incorrect, as there was no burden on the defendant to establish the month to month tenancy by a preponderance. If the proof of the month to month tenancy counterbalanced the evidence of the plaintiff to the effect that the tenancy was under a new lease for a year, or a hold-over tenancy for a year, it would defeat plaintiff's claim of a new lease for the year. Defendant testified, and he had corroborating evidence, to the effect that no new lease was ever entered into. If the Court of Common Pleas was of the opinion that the tenancy of the defendant was a hold-over tenancy under the original yearly lease, there are disputed facts concerning the hold-over. Getzug testifies that he refused the new lease tended him by the building company and returned it, and sent word to the agent of the building company,

Warm, that he desired to see him; that he did see him and told him he did not know how long he would stay, and that he would not pay over $140 a month for the use of the flat; and that upon the return of his mother from abroad he would take up his residence with her. So it is difficult to understand how the Court of Common Pleas should find on the undisputed evidence that Getzug could be held liable for the full year as a hold-over under the original lease, and could render judgment in favor of the building company for the full amount of the rent prayed for. The building company admittedly was unable to establish a renewal lease for the year.

The evidence shows conclusively that the minds of the parties never met on any new yearly lease. The bill of particulars does not plead in the alternative liability under the former lease for the hold-over; so that the Municipal Court was correct when it found for the defendant.

Moreover, on the question of hold-over, under the agreements provided for in the lease, in the fine printed portion, under subdivision Eight, appears the following: "At the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do pay as liquidated damages for the whole time such possession is withheld, the sum of Twenty Dollars per day * * *."

Thus we have provided in the original contract of lease the rights of the parties in case of the failure to surrender possession of the property at the end of the term. If there is a holding-over under the terms of the contract, which is, of course, a failure to give possession on the part of the lessee, the rights of the parties are fixed by the contract of lease. While it is true the court would probably hold the term "liquidated damages" as a penalty, it could then assess the reasonable value of the property for the time held over. The provision says "for the whole time such possession is withheld." It being admitted that Getzug paid rental at the rate of $140 per month for the whole time for which he held possession, this sum would probably liquidate the full damage which the building company might claim under the liquidated damage clause. However, these matters which the court has discussed are of an advisory character, for the reason that there was not any judgment in the Municipal Court from which error could be prosecuted.

The record discloses the following:
"7/14/31. Minute 1007. Case called. Parties in court. Trial had. Judgment that defendant go hence without day and recover of plaintiff costs of suit. Plaintiff excepts.
"7/16/31. Motion for leave to amend amended bill of particulars filed.
"7/17/31. Motion for a new trial filed."

Thus it appears that the motion for a new trial was filed within the three days required by law.

"7/25/31. Minute 1014. The motion to amend the bill of particulars is withdrawn by the plaintiff. This cause coming on for hearing upon the motion for a new trial, said motion is hereby overruled; to all of which plaintiff excepts.
"8/15/31. Bill of Exceptions filed with William Hayes, Clerk."

It is the law that the filing of a motion for a new trial suspends any judgment until the motion is decided; and that pronouncements by the court, when the trial is had to the court, prior to the filing of the motion for a new trial, are akin to the rendering of a verdict by the jury. **Boedker v Warren E. Richards Co., 124 Oh St 12, 176 NE 660.** The record therefore discloses no judgment in the case after the determination of the motion.

The judgment of the Court of Common Pleas is therefore reversed, and the cause remanded to the Municipal Court for further proceedings, and for judgment at the hands of the Municipal Court.

Judgment reversed, and cause remanded.

CUSHING and ROSS, JJ, concur.