**KIZNER v BUCKEYE UNION CASUALTY CO (2 Cases)**
**SIMMONS v**
**BUCKEYE UNION CASUALTY CO**

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4327, 4328 & 4329
Decided May 29, 1933

Bolsinger & Bolsinger, Cincinnati, for plaintiffs in error.

Beebe, Borsch & Murphy, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, PJ.

It is the law, that in an action at law, the motion for a new trial filed in time suspends the prior finding of the court, and no judgment can be entered until the motion for a new trial is disposed of. See: **Boedker v Warren E. Richards Co., 124 Oh St, 12.** So that in these cases a motion for a new trial was filed, and, the time did not begin to run from the day of the first judgment, February 6, 1932. We have quoted the judgment entry of the Municipal Court entered March 12, 1932, which is the final judgment after the overruling of the motion for a new trial, in that it renders judgment for the defendant and for the costs.

It is contended that since under the law the cases under consideration were triable by the court, unless a jury was demanded,

that the decision in Boedker v Richards, supra, does not determine the question here. In the opinion of the Boedker case, the Chief Justice does state: "Whether the principle declared in the instant case applies to cases not triable to a jury is neither considered nor decided." The fact remains that the instant case was triable to a jury if a jury had been requested. With the right present to demand a jury, the failure to so demand can be considered in no other light than a waiver of a jury. Moreover, in addition to the statutory provision, the reason for the rule is apparent. It is the law that to review the weight of the evidence a motion for a new trial is required. The petition in error must raise this question in order to have it considered by a reviewing court. We, therefore, have the situation that if the decision on the motion for a new trial was withheld more than 70 days from the first judgment entered, the plaintiff would be barred from having a review on the weight of the evidence, since the petition in error must be filed within 70 days from the date of the judgment complained of. This was the serious question in the Boedker v Richards case. The fact that the party failed to demand a jury does not take away the character of the case, as being triable to a jury.

The petitions in error were filed 59 days after the entering of the judgment, and were, therefore, filed in time.

The Court of Common Pleas should have considered the questions of error made by the petitions in error. The motions to dismiss the petitions in error should have been overruled.

For error in sustaining the motions to dismiss the petitions in error, the judgments of the Court of Common Pleas are reversed, with instructions to reinstate the petitions in error, and to consider the questions of error raised by the petitions in error and the bills of exceptions, and for further proceedings according to law.

CUSHING and ROSS, JJ, concur.