## FOUNTAIN SQUARE BUILDING, INC v NEW ERA CAFE, Inc, et

Ohio Appeals, 1st Dist, Hamilton Co

No 4308.  Decided July 14, 1933

Carl E. Basler, Cincinnati, for plaintiff in error.

Leslie, Hermann & Ritchie, Cincinnati, and Rappaport & Rappaport, Cincinnati, for defendants in error.

ROSS, J.

A motion to dismiss the petition in error has been filed—first, upon the ground that the same was not filed in time; and, second, upon the ground that there is a defect of parties defendant in error.

As to the second ground of the motion, all parties to the judgment appear to be parties in error, and no showing is made that any other necessary party in error has been omitted.  The motion, therefore, fails upon this ground.

As to the first ground—the first question to determine is the nature of the case.

We agree with the conclusion and reasoning in the case of **Harper & Kirschten Shoe Co. v The S. & B. Shoe Co. et, 16 Oh Ap 387**, holding that this proceeding under the provisions of the Bulk Sales Law (§§11102 et seq, GC) is equitable in character.

The transcript of the docket and journal entries shows that upon August 13, 1932 the court entered its decree, making a complete and final adjudication of all matters in dispute between the parties. Three separate motions for new trial were filed upon the same day.  On October 14, 1932 the court made an entry, the part pertinent to the question before us being as follows:

"ENTRY OVERRULING MOTION FOR NEW TRIAL AND JUDGMENT.

This cause came on for hearing on the motions for new trial of Simon Block, plaintiff herein, and of J. E. Rappaport and Fountain Square Building, Inc., intervening petitioners herein, and the court, on consideration, overrules the same.

It is therefore considered by the court that the decree heretofore entered by the court herein be and same hereby is adjudged as the final judgment of this court in this cause.

732

To the overruling of which motions for a new trial Simon Block, J. E. Rappaport and Fountain Square Building, Inc., by their counsel, do hereby except.

Simon Block, J. E. Rappaport and Fountain Square Building, Inc., by their respective counsel, hereby except to the judgment in favor of defendant, New Era Cafe, Inc.

New Era Cafe, Inc., by its counsel, hereby excepts to the judgment in favor of plaintiff, Simon Block, and the intervening petitioners, J. E. Rappaport and Fountain Square Building, Inc."

The petition in error was filed more than seventy days after the entry of August 13th, but less than seventy days after the entry of October 14th.

For the time being, we ignore the peculiar language of the last entry and address our attention to the contention of the movement that the first entry was the final entry from which the seventy day limitation ran.

In **Boedker v Warren E. Richards Co., 124 Oh St, 12**, the court held in the syllabi:

"1. Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.

"2. Under the provisions of §11599, GC, (§5236, Revised Statutes, as amended in 1902, 95 O. L., 351), an entry of judgment in a suit at law before the expiration of the three-day period within which a motion for a new trial may be filed, is ineffective to start the running of the limitation for filing a petition in error.

"3. In the event a motion for new trial is in fact filed within three days after the entry of the judgment, the limitation within which a petition in error may be filed runs from the entry of the judgment upon the overruling of such motion for new trial."

However, on page 19 of the opinion the court say:

"The cases of Young v Shallenberger and Dowty v Pepple were undoubtedly correct at the time they were rendered, in the state of the statute then existing, but they would not be in harmony under the statute as amended in 1902. In 1922 this court decided the case of **Craig v Welply, 104 Oh St, 312, 136 NE, 143**, and the case of **Wells, Jr., v Wells, 105 Oh St, 471, 138 NE, 71**. Neither of those cases was triable by a

jury. There was no intervention of a verdict. **The court in each instance was at liberty to enter the decree immediately upon the termination of the cause.** Whether the principle declared in the instant case applies to cases not triable to a jury is neither considered nor decided."

The black face is ours and indicates we think the controlling distinction in the mind of the court in reserving decision upon the principle announced in the Boedker case as applied to cases triable only to the court.

The court, if it so chose, under the provisions of §11470, GC, might simply make a finding in favor of plaintiff or defendant, and should a motion for a new trial then seasonably intervene, the court under the provisions of §11471, GC, would be bound to withhold its judgment until after the overruling of the motion for a new trial. Possibly this would be the better and more consistent practice, but repeating the language of the Supreme Court, the court is "at liberty to enter the decree immediately upon the determination of the cause," (in chancery), and if it does so, obviously such judgment is a final judgment.

There is no statute, such as §11599, GC, applicable, which as in the Boedker case, in causes triable to a jury would require the court to withhold judgment pending the filing of a motion for a new trial or change a judgment purporting to be final judgment into a mere finding.

In the instant case the court did as it had a right to do, entered a final judgment or decree.

In **Craig v Welply, 104 Oh St, 312**, distinguished by the Supreme Court in the Boedker case as being a case not "triable to a jury", the second syllabus is as follows:

"The limitation of time provided by §12270, GC, within which proceedings to reverse, vacate or modify a judgment shall be commenced, begins to run from the date of the judgment sought to be reversed and not from the overruling of a motion for a new trial in the cause."

And again in **Wells, Jr. v Wells, 105 Oh St 471**, similarly distinguished, the first syllabus is as follows:

"The limitation of time provided by §12270, GC, is applicable to divorce proceedings, and the seventy days begin to run from the date of the entry of the decree and not from the date of the overruling

of a motion for a new trial. (**Young v Shallenberger, 53 Oh St, 291; Dowty v Pepple, 58 Oh St, 395,** and **Craig v Welply, 104 Oh St, 312,** approved and followed.)"

We conclude, therefore, that as Craig v Welply, and Wells, Jr., v Wells, supra, approved and followed in **Heigel v Heigel, 125 Oh St, 638,** are still recognized law by our Supreme Court, if the court in a chancery case enters final judgment, the filing of a motion for a new trial is ineffective to change such final judgment into a mere finding of the court, as is true in a case triable to a jury and heard by the court without a jury.

The judgment entered on August 13th was not modified or vacated. It was strange to say by the very language used in the last entry made by the court October 14th, declared to be the final judgment in the cause. That the court may have intended to enter a new judgment, we may not surmise. The whole effect of the entry of October 14th was to firmly and positively declare "that **the decree heretofore entered** by the court herein be and the same hereby is **adjudged as the final judgment of this court** in this cause."

We conclude, therefore, that the petition in error, not having been filed within seventy days from the entry of August 13th, the same being a final judgment and not a mere finding, that the motion to dismiss the petition in error must be granted.

It is so ordered.

CUSHING, J, concurs.