**DRUCKER v TRAVELERS INS CO et**

Ohio Appeals, 1st Dist, Butler Co

No 627. Decided Dec 7, 1934

· John D. Andrews, Hamilton, for plaintiff in error.

Harry S. Wonnell, Hamilton, for defendants in error.

## OPINION

By ROSS, J.

A motion to dismiss the petition in error has been filed in this case. Two grounds are named in support of the motion:

First:—The petition in error was not filed within 70 days from the rendition of the judgment in the Common Pleas Court. Reference to the original papers discloses that a judgment was entered April 27, 1934, dismissing the defendant in error, The Travelers Insurance Company; that on April 30, 1934 a motion for a new trial was filed. This rendered the judgment a mere finding. **Boedker v Warren E. Richards Co., 124 Oh St, 12.** On July 6, the motion for a new trial was overruled and final judgment entered. A petition in error was filed in this court the same day. This procedure is in entire conformity to the requirements specified in the Boedker case.

Second:—It is claimed that there has been no service of summons in error upon the defendant in error, The Travelers Insurance Company.

The summons in error and the return reads as follows:

"COURT OF APPEALS.

The State of Ohio, Butler County,

To the Sheriff of Butler County:

You are hereby commanded to notify The Travelers Insurance Company or Harry S. Wonnell, its counsel ana James A. Dutcher, defendants in error, that Bessie Franklin Dutcher, plaintiff in error has filed a petition in the office of the Clerk of the Court of Appeals of Butler County, and State of Ohio, asking the reversal of ·a judgment which said defendant in error obtained against ˜said plaintiff in error at the January term of the Court of Common Pleas, A. D., 1934, of said Butler. County; and that said defendant in error must answer on or before the ،8th day of October, 1934, the day upon which the next term of said Court of Appeals commences......... or said judgment may be reversed.

Said Sheriff will make due return of ̆this summons on or before October 8, 1934, the first day of the next term of said Court of Appeals.·

WITNESS my hand and seal of said Court of Appeals, at Hamilton, Ohio, this 6th day of July; 1934.

CONRAD C. STROH,

SEAL Clerk,

By JOSEPH KEIP,

Deputy."

"SHERIFF'S RETURN.

The State of Ohio, Butler County,

Received this writ July 6th, 1934, at 4:30 o'clock, P. M., and pursuant ‎to its command on the 6th day of July, 1934, I served The Travelers Insurance Company by handing a true copy of this writ with the endorsement thereon to Harry S. Wonnell, Counsel for defendant in error.

And on the 7th day of July, 1934, I served the same by handing a true copy of this writ . with the endorsements thereon to James A. Dutcher.

JOHN C. SCHUMACHER, SHERIFF,

By Mark A. Duerr,

·Deputy."

This court in case No. 610, Insurance Co. v Keyser, decided April 13, 1934, passed upon a similar state of facts. We see no reason to change our opinion as announced in that case. §12259, GC, provides:

"The proceedings to obtain such reversal, vacation, or modification shall be by petition in error, filed in a court having power

to make the reversal, vacation or modification, setting forth the errors complained of. Thereupon a summons shall issue and be served or publication made, as in the commencement of an action. A service on the attorney of record in the original case shall be sufficient. The summons shall state that a petition in error has been filed in the case. If issued in vacation, it shall be returnable on or before the first day of the term of court; if issued in term time, on a day therein named. If the last publication or service of summons, be made ten days before the end of the term, the case shall stand for hearing at that term."

The original papers disclose that Harry S. Wonnell was counsel for The Travelers Insurance Company in the court below. The service is obviously regular, having been made upon the attorney of record in the Common Pleas Court. The statute states: "A service on the attorney of record in the original case shall be sufficient." The summons definitely states that it is issued to the attorney as representing the defendant in error. He is definitely advised of the judgment sought to be reversed and the parties to the action. If service can be made upon him of a summons directed to the defendant in error—which he could negligently fail to transmit to his client—there can be no prejudice to the defendant in error in holding such a summons as is involved here being well served when handed to the attorney, although technically speaking it is not actually directed to the defendant in error. The approved practice should be to so direct it. To vitiate a service such as is made here would, in our opinion, be to revert to a technical procedure which is entirely out of accord with the expressed liberal purpose of present legislation, related to purely procedural matters.

The motion is overruled.

HAMILTON, PJ, and CUSHING, J, concur.