THE WESTERN UNION TELEGRAPH CO., APPELLEE, *v.* THE
DIXIE TERMINAL CO., APPELLANT.

(Decided March 30, 1938.)

*Messrs. Ireton & Schoenle,* for appellee.
*Mr. Charles P. Taft,* for appellant.

Ross, P. J.   This case is heard on a motion to dis-
miss the appeal.

The basis for the motion is that the Court of Common
Pleas has entered no final order upon which an appeal
may be predicated.

The action is one instituted by virtue of the provi-
sions of the General Code appearing as Sections
12102-1 *et seq.,* designated the Uniform Declaratory
Judgments Act.

Section 12102-1, General Code, provides:

"Courts of record within their respective jurisdic-

tions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.''

Section 12102-7, General Code, provides:

''All orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees.''

Section 12102-9, General Code, provides:

''When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.''

Section 11599, General Code, provides:

''Where a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.''

In *Boedker* v. *Warren E. Richards Co.*, 124 Ohio St., 12, 176 N. E., 660, the court says in the opinion that a judgment entered before the time for filing a motion for a new trial has expired (three days) ''was ineffective to start the running of the limitation.'' From the syllabus of this case the conclusion would be that such judgment would be merely voidable.

In the instant case the court made a finding of facts and recited its conclusions of law upon such facts: This

was not journalized but was filed. The court, thereupon, immediately entered a judgment declaring the rights of the parties and awarding costs. Within twenty days, the appellant filed a notice of appeal from such latter judgment. The action involved rights recognized at common law.

In the *Boedker case* the court entered a final judgment, motion for a new trial was filed within three days, action upon the motion was delayed for more than a year, and the motion was overruled and final judgment again entered. The case was one triable to a jury, the same having been waived.

Under the statutes and the *Boedker case,* there can be no question that the last entry of the court in this case is at least voidable, as the trial court had general jurisdiction of both the subject-matter and the parties, and it would be subject to attack in this court upon that ground and such defect could be the basis of an assignment of error. As the case is now situated, no assignments of error have been presented, and we cannot determine that such defect will not be among the errors asigned. If such assignment of error were before us, we could not dismiss the appeal.

However, considering that such defect will not be assigned as error, and that the appellee now demands our consideration of the judgment, under such circumstances will the judgment support an appeal?

A motion for a new trial may or may not be filed by any party involved in the litigation. The privilege of filing same is one which may not be denied, if the motion may serve any useful purpose. If it does not serve a useful purpose, it is wholly unavailing to extend the period for filing a notice of appeal. *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119. Had a motion for a new trial been filed in the instant case, the latter judgment entry would unquestionably have had no effect, and a judgment subse-

quent to the overruling of the motion for new trial would have been required.

Is not then the conclusion reasonable that the judgment in question, while it may be void if a motion for a new trial is filed, or voidable if attacked upon review, is still a final judgment if neither of the eventualities mentioned occur?

The time has now long since passed when the appellant, who now is before us seeking review, could file such a motion. It, it is presumed, will not complain of the voidable character of the judgment. If it should, it will be vacated, and the appellee will have a new judgment as a matter of right, since the time for filing a motion has passed. It cannot be conceived that the appellant will cause such useless procedure, though entitled technically to the same.

By letting its time pass for a motion for a new trial, it has not only barred its right to even file same, but any claim predicated upon the exercise of such right. The premature entry of the final judgment in no way barred the appellant's right to file the motion for a new trial. The filing would have been as effective as if no judgment had ever been entered. Its failure to file when a judgment has been entered is just as much a failure as if no judgment had been prematurely entered. When this court is satisfied that the voidable character of the judgment is not questioned, the motion will be then overruled, as it would be now. Action upon the motion will be, therefore, so postponed.

*Action postponed.*

HAMILTON and MATTHEWS, JJ., concur.