definition referred to, although not found in Section 13451, General Code, but in Section 13451-19, General Code, did not bring the petitioner within the classification of one who was legally insane.

Second, an examination of the proceedings followed by the trial judge from the time the petitioner was arraigned until he was finally sentenced and committed is convincing that the judge meticulously observed the provisions of the controlling sections of the Code and that petitioner had every right accorded him to which he was entitled under the law.

No basis appears for the granting of the relief sought.

*Petitioner remanded to custody.*

MILLER, P. J., and WISEMAN, J., concur.

RAY CALDWELL, INC., APPELLEE, *v.* GENERAL INS. CO., APPELLLANT.

382

(No. 4552—Decided October 30, 1951.)

Messrs. *Effler, Eastman, Stichter & Smith* and *Mr. Jamille G. Jamra,* for appellee.
Messrs. *Rowe, Williams & Shawaker,* for appellant.

CONN, J.   The plaintiff has filed its motion in this court to dismiss the appeal and also to strike the bill of exceptions from the files on the ground that the notice of appeal and the bill of exceptions were not filed within the time fixed by the statutes.

It is disclosed by the transcript of the docket and journal entries that upon the trial the jury returned a verdict for plaintiff on January 15, 1951.   On the same day the trial judge made an entry on the trial docket as follows:

"Judgment on verdict in favor of plaintiff, Ray Caldwell, Inc., against defendant, General Insurance Company of America, in the sum of $729 and its costs herein expended."

This docket entry was signed by the trial judge. A journal entry thereof was immediately prepared by the clerk of courts and the judgment was entered on the journal of the trial court.

On January 23rd, following, a journal entry approved by counsel for the parties was submitted to the trial judge and signed by him.   On the same day he made the following entry on the trial docket:

"Judgment on verdict in favor of the plaintiff against defendant for $729 and court costs.   Defendant excepts."

This journal entry, omitting the formal parts, is as follows:

"The jury, having on the 15th day of January, 1951, rendered a general verdict herein for plaintiff against defendant in the amount of $729 and court costs and the court coming now to render judgment, it is therefore ordered that judgment be, and the same hereby is, rendered for plaintiff and against defendant in the amount of $729 and for costs taxed in the amount of $........., for all of which execution is hereby awarded, to which judgment and award of execution, defendant duly excepts.

"John M. McCabe
"Judge.

"Approved:
"Effler, Eastman, Stichter & Smith
   attorneys for plaintiff
"Rowe, Williams & Shawaker
   attorneys for defendant."

On January 30th, a motion for a new trial and to vacate and set aside the verdict was filed, which motion was overruled on February 15th.

On February 26th, notice of appeal and a praecipe were filed by defendant and, on March 20th, defendant's bill of exceptions was filed.

As already pointed out, the motion to dismiss the appeal and to strike the bill of exceptions from the files is grounded on the claim that the notice of appeal and the bill of exceptions were not filed within the period fixed by statute.

It is the contention of the plaintiff that the record shows the judgment on the verdict in its favor was journalized on January 15th. If this be true, it is apparent both the notice of appeal and the bill of exceptions were not filed within the time fixed, respectively, by the statutes. Sections 12223-7 and 11564, General Code.

Defendant contends that the entry journalized by the clerk on January 15th was placed on the journal contrary to the provisions of the statutes and for this reason that entry is a nullity.

We call attention to the pertinent parts of three sections of the General Code, to wit, Sections 11599, 11578 and 12223-7, as amended October 11, 1945 (121 Ohio Laws, 366).

Section 11599, General Code (121 Ohio Laws, 366), in part, provided:

"When a trial by jury has been had, a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization * * *."

This section was further amended by the Legislature, effective September 27, 1947 (122 Ohio Laws, 686), but the addition to the section is unrelated to the matter before us.

Section 11578, General Code, as pertinent, provides:

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization * * *."

Section 12223-7, General Code, provides, in part:

"After the journal entry of the final order, judgment or decree, has been approved by the court in writing and filed with the clerk for journalization, * * * the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals * * * to courts of appeals * * * within twenty (20) days.

"Provided, that, when a motion for new trial is filed by either party within ten days after a journal entry of a final order, judgment or decree has been approved

by the court in writing and filed with the clerk for journalization, then the time of perfecting an appeal shall not begin to run until the entry of the order over-ruling or sustaining the motion for a new trial.''

The uniform provisions found in these sections—''approved by the court in writing'' and ''filed with the clerk''—imply that docket entries of the subject matter specifically defined therein shall not be journalized by the clerk until approved in writing by the trial judge and filed, in the absence of special author ity from the trial court.

It is apparent from the fact that amendments to the foregoing statutes were made in the same enactment that the Legislature intended to simplify and clarify the procedure in relation to the preparation, approval and filing of journal entries so far as they relate to the journalization of a ''final order, judgment or decree.''

Counsel for plaintiff call attention to Section 11604, General Code, and contend that the journalization of the entry by the clerk in the instant case is governed by that section; that the approval of the entry by the court is provided for by Sections 11599 and 12223-7, General Code; and that the preparation of the entry is controlled by the rules of practice of the trial court. With this contention we are not in complete agreement.

Section 11604, General Code, is a statute dealing generally with the subject of entering judgments on the journal and contains certain directory provisions as to the clerk. The three sections of the Code, as above pointed out, are specifically related to the proce-dure in the journalization of final orders, judgments and decrees.

Referring more particularly to the contention of plaintiff that the preparation of the journal entry is governed by the rules of practice of the trial court, it

is our opinion that the provisions of the several subsections of rule 10 cited by plaintiff (and conceded by counsel to be in force at all times herein), to wit, subsections (a) to (g) inclusive, appear consistent with the statutes to which attention has been called. Sub section (a) is a general provision for the journalization of docket entries, as authorized by Section 11604, General Code. The subsections following relate to certain details not particularly important here.

However, we call attention to subsection (e), which provides:

"All entries prepared by counsel or the court as distinguished from entries prepared by the clerk shall be signed by the court before filing."

The method of preparing the journal entry of January 23rd harmonizes with the requirements of subsection (e), it having been prepared by counsel and submitted to the trial judge and signed by him before filing.

In argument it was conceded that counsel for the parties, when they presented this entry to the trial judge, had no knowledge of the prior journalization by the clerk of the docket entry of January 15th, and it may be inferred that the trial judge was not informed of such journalization when he made the docket entry of January 23rd and signed the journal entry prepared and approved by counsel.

It is our opinion that it was the intention of the Legislature in amending Sections 11599, 11578 and 12223-7, General Code, to clarify the procedure in the matter of the journalization of final orders, judgments or decrees of the trial court and provide for a uniform rule of practice, and that this procedure was not followed in the journalization by the clerk of the docket entry of January 15th.

Our conclusion is that the journalization of the entry of January 23rd, in the manner and form shown

by the record, fixes the time for the computation of the filing of the notice of appeal and the bill of exceptions. From this conclusion, it follows that plaintiff's motion to dismiss should be and it is overruled.

*Motion overruled.*

FESS and SAVORD, JJ., concur.