HARBAUGH ET AL., APPELLANTS, v. UTZ ET AL., APPELLEES.

(No. 5062—Decided January 30, 1958.)

*Messrs. Cubbon & Rice,* for appellants.
*Mr. Randolph P. Whitehead,* for appellees.

FESS, J. Appellee moves to dismiss the appeal on the ground that the notice thereof was not filed within the time provided by law.

On February 7, 1957, the court made the following entry on its trial docket:

"February 7, parties present with counsel. Jury waived; stenographer ordered. Trial had. Finding in favor of plaintiffs and against defendants and damages assessed at one hun-

dred dollars ($100) and costs. Judgment on findings. (Signed) Judge Macelwane.''

On the same day, the docket entry was recorded on the journal by the clerk. Counsel for the parties were unaware of the journalization by the clerk and after an extended period of negotiations they approved a formal journal entry which was signed by the court and filed on October 28, 1957.

Notice of appeal was filed on October 31, 1957, designating the judgment entered October 28, 1957.

With respect to journal entries, the Rules of the Court of Common Pleas provide in part as follows:

"10-(a)  If no direction appears in the docket entry as to journalization, the clerk shall journalize each docket entry as a matter of course.  Upon request the clerk shall provide to counsel copies of such entries on the journal.

"10-(b)  Where the docket entry provides: 'See journal entry,' counsel for the prevailing party or parties shall within three (3) days thereafter prepare and submit a proper journal entry to opposing counsel who shall approve or reject and return the same within two days after its receipt."

Section 2323.15, Revised Code, provides:

"When a trial by jury has been had and a verdict rendered, unless the court orders the case reserved for future argument or consideration, a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization."

The rendition of a judgment is the judicial act of the court, but the entry of judgment on the journal is purely a ministerial act, whether performed by the clerk under the direction of the court or pursuant to statute or rule of court, or by a judge acting as clerk of his own court. *Hocking Valley Ry. Co.* v. *Cluster Coal & Feed Co.*, 97 Ohio St., 140, 119 N. E., 207: *Amazon Rubber Co.* v. *Morewood Realty Holding Co.*, 109 Ohio St., 291, 142 N. E., 363; *State, ex rel. Best,* v. *Meacham, Clerk,* 6 C. C., 31, 3 C. D., 335; *Miller* v. *Albright,* 12 C. C., 533, 5 C. D., 585.

Section 2323.15, Revised Code, had its origin in Section 382 of the Code of Civil Procedure enacted in 1853 (51 Ohio Laws, 120), reading as follows:

"When a trial by jury has been had, judgment must be

rendered by the clerk in conformity to the verdict, unless it is special, or the court orders the case to be reserved for future argument or consideration.''

Section 382 of the Code became Section 5326 of the Revised Statutes.

In construing the provisions of Section 5326, Revised Statutes, the Supreme Court held that a judgment entered by the clerk was regular and valid although entered before the expiration of the statutory time for the filing of a motion for a new trial and that under Section 6723, Revised Statutes, a proceeding in error must be commenced within six months from the time of entry of the judgment by the clerk; if commenced thereafter, the petition must be dismissed because the court acquires no jurisdiction of the proceeding. *Young* v. *Shallenberger* (1895), 53 Ohio St., 291, 41 N. E., 518; *Dowty* v. *Pepple* (1898), 58 Ohio St., 395, 50 N. E., 923. See, also, *Baker, Admx.,* v. *City of Lancaster* (1895), 53 Ohio St., 671, 44 N. E., 1130; *Kraemer* v. *Martens* (1895), 53 Ohio St., 671, 44 N. E., 1140; *Griffith* v. *Murphy* (1896), 54 Ohio St., 613, 46 N. E., 1159; *Sheetz* v. *Huberty* (1896), 54 Ohio St., 632, 47 N. E., 1116.

After the decisions in the *Young* and *Dowty cases,* in 1902, the General Assembly enacted a substantial amendment of Section 5326, Revised Statutes (95 Ohio Laws, 351), reading as follows:

''That when a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court order the case to be reserved for future argument or consideration immediately after the time allowed by law for the filing of a motion for a new trial if such motion has not been filed; if a motion for a new trial has been filed then such judgment shall be entered only when the court has sustained such verdict by the overruling of such motion for a new trial and shall upon such overruling of said motion be then immediately entered.''

The provisions of the 1902 enactment were carried into Section 11599, General Code (1910), in substantially the same form, except the provisions were divided into three sentences.

Under the statute prior to 1902, it was the duty of the clerk to enter the judgment upon a verdict immediately, unless fur-

ther argument or consideration was reserved by the court. But after the 1902 amendment, the clerk had no power to enter a judgment until after the time had expired for the filing of a motion for a new trial or after such motion was overruled. Throughout its history, the statute has referred to the entry upon a verdict in a trial by jury. In *Craig* v. *Welply* (1922), 104 Ohio St., 312, 136 N. E., 143, which was an action to set aside a deed, the court held that since there was no trial by jury, Section 11599, General Code, had no application. And in *Wells, Jr.*, v. *Wells* (1922), 105 Ohio St., 471, 138 N. E., 71, a divorce case, the court likewise held upon authority of the *Shallenberger, Dowty* and *Craig cases,* that the time for bringing proceedings in error ran from the date of the entry of the decree and not from the date of the overruling of a motion for a new trial.

In *Shelley* v. *State* (1930), 123 Ohio St., 28, 173 N. E., 730, without reference to Section 11599, General Code,[1] the court held that in a criminal case tried without a jury, the thirty days for beginning proceedings in error began to run from the date of entering judgment upon the finding or verdict rendered in the trial court after the overruling of the motion for a new trial. Soon thereafter, in *Boedker* v. *Warren E. Richards Co.* (1931), 124 Ohio St., 12, 176 N. E., 660, after reviewing and distinguishing the *Young* and *Dowty cases,* and after reviewing the *Shelley case,* the court indulged in a bit of judicial legislation and held:

"1. Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.

"2. Under the provisions of Section 11599, General Code (Section 5326, Revised Statutes, as amended in 1902, 95 Ohio Laws, 351) an entry of judgment in a suit at law before the expiration of the three-day period within which a motion for a

---

[1]Section 11599, General Code, applied to civil suits and although the Criminal Code provided for a motion for a new trial, it had no provision comparable to Section 11599.

new trial may be filed, is ineffective to start the running of the limitation for filing a petition in error.

"3. In the event a motion for a new trial is in fact filed within three days after the entry of the judgment, the limitation within which a petition in error may be filed runs from the entry of the judgment upon the overruling of such motion for a new trial."

In the *Boedker case* the motion for a new trial was filed within two days after the entry of the decision of the judge upon the journal, was considered by the court, and was overruled and judgment re-entered a year later. In the instant case, no motion for a new trial was filed. Although the *Boedker case* can be distinguished from the instant case upon the facts presented therein, the first paragraph of the syllabus states in no uncertain terms that the finding of the court without the intervention of a jury is equivalent to a verdict of a jury, and that the provisions of Section 11599, General Code, prevent the running of the limitation of time for proceedings in error.

The *Boedker case* has been uniformly followed and applied by the Courts of Appeals. *Columbus Ry., Power & Light Co.* v. *C. & C. Furniture, Warehouse & Auction Co.*, 44 Ohio App., 159, 184 N. E., 20; *Kizner* v. *Buckeye Union Casualty Co.*, 45 Ohio App., 521, 187 N. E., 311; *Getzug* v. *Belvedere Bldg. Co.*, 45 Ohio App., 326, 187 N. E., 22 (holding pronouncements of court, when trial is had to court, prior to filing a motion for a new trial, are akin to rendering of a verdict by a jury); *Midland Acceptance Corp.* v. *General Motors Acceptance Corp.*, 49 Ohio App., 243, 197 N. E., 120; *Drucker* v. *Travelers Ins. Co.*, 49 Ohio App., 526, 197 N. E., 492; *In re Guardianship of Gausepohl,* 51 Ohio App., 261, 200 N. E., 520; *Western Union Telegraph Co.* v. *Dixie Terminal Co.*, 59 Ohio App., 305, 17 N. E. (2d), 954; *Kuhn* v. *Industrial Comm.*, 63 Ohio App., 279, 26 N. E. (2d), 592 (holding that the judgment entered on the journal had only the legal effect of a finding of facts and the equivalent of the verdict of a jury); *Liberal Savings & Loan Co.* v. *Frankel Realty Co.*, 64 Ohio App., 97, 28 N. E. (2d), 367; *In re Estate of Lowry,* 66 Ohio App., 437, 35 N. E. (2d), 154 (affirmed 140 Ohio St., 223); *Bauer* v. *Heaton,* 68 Ohio App., 181, 38 N. E. (2d), 413; *Torto, Admx.,* v. *New*

*York Cent. Rd. Co.*, 68 Ohio App., 415, 41 N. E. (2d), 742 (applied to direction of a verdict); *Bank of Elmore Co.* v. *Damschroder*, 69 Ohio App., 15, 42 N. E. (2d), 781; *Western Reserve Mutual Casualty Co.* v. *Holstein*, 72 Ohio App., 65, 47 N. E. (2d), 794; *Eagle Sav. & L. Assn.* v. *Hucke*, 73 Ohio App., 1, 53 N. E. (2d), 537; *Schaffer* v. *Schneider*, 75 Ohio App., 138, 61 N. E. (2d), 238; *Noonan* v. *Noonan*, 35 Ohio Law Abs., 501 (divorce case).

In the *Boedker case*, the court refers to two other cases having been reviewed by the court, "but they were equity cases and the statutes relating to verdicts can therefore have no application." The court also said:

"In 1922 this court decided the case of *Craig* v. *Welply*, 104 Ohio St., 312, 136 N. E., 143, and the case of *Wells, Jr.*, v. *Wells*, 105 Ohio St., 471, 138 N. E., 71. Neither of those cases was triable by a jury. There was no intervention of a verdict. The court in each instance was at liberty to enter the decree immediately upon the termination of the cause. Whether the principle declared in the instant case applies to cases not triable to a jury is neither considered nor decided."

The *Craig* and *Wells cases* were approved and followed a year later in *Heigel* v. *Heigel* (1932), 125 Ohio St., 638, 186 N. E., 99. In *Fountain Square Bldg., Inc.*, v. *New Era Cafe, Inc.* (1933), 45 Ohio App., 479, 187 N. E., 364, the Court of Appeals concluded that the Supreme Court still recognized that if the court in a chancery case enters final judgment, the filing of a motion for a new trial is ineffective to change such final judgment into a mere finding of the court, as is true in a case triable to a jury and heard by the court without a jury. In *Neth, Exr.*, v. *Neth*, 51 Ohio App., 267, 200 N. E., 517, the court holds that the time for error proceedings begins to run from the entry of a judgment dismissing a petition, filed after term for a new trial on the ground of newly discovered evidence, and not from the date of the overruling of a motion for a new trial on such judgment, apparently because such petition for a new trial was not triable to a jury.

Section 11599, General Code, therefore, purported to have no application to chancery or other actions wherein a trial by jury was not required, but in *Von Gunten* v. *New Justice Coal*

*Co.* (1947), 147 Ohio St., 511, 72 N. E. (2d), 253, it is said on page 521, after reference to the *Boedker case*:

"If an application for a new trial is necessary in a chancery case, and that question has been answered in the affirmative in the case of *Cullen* v. *Schmit, supra* [137 Ohio St., 479, 30 N. E. (2d), 994], the same rule must be applied to the decision of a court in chancery cases as is applied to an action at law submitted to the trial court as was done in the case of *Boedker* v. *Warren E. Richards Co., supra.*"

In *In re Estate of Lowry* (1942), 140 Ohio St., 223, 42 N. E. (2d), 987, the Supreme Court approved and followed *Boedker* v. *Richards,* and held that where a trial by jury has been waived, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts, and also that in such a case tried without the intervention of a jury, the trial judge, after hearing, renders a decision (as distinguished from a judgment) upon the issues made, a motion for a new trial is properly filed within three days after the decision and before judgment in conformity therewith has been entered. When the *Boedker* and *Lowry cases* were decided, Section 11578. General Code, provided that the application for a new trial must be made within three days after the *verdict or decision* is rendered.

The *Boedker* and *Lowry cases* are somewhat inconsistent with *Hnizdil* v. *White Motor Co.* (1949), 152 Ohio St., 1, 87 N. E. (2d), 94, holding that the constitutional provision that no judgment entered upon a verdict of a jury should be reversed on the weight of the evidence, etc. means just what it says—entered on the verdict of a jury. In the *Hnizdil case,* the court says:

"Thus, the argument of defendant, based on the *Boedker case,* when pursued in the light of the *Von Gunten case,* leads to the conclusion that each of the following should be regarded as equivalents in construing the language quoted from Section 6 of Article IV of the Constitution:

"1. The verdict of a jury.

"2. The finding of the court where a jury was waived.

"3. The decision of a court in a chancery case.

"The absurdity of such a conclusion should demonstrate the fallacy of the argument."

Since the *Boedker* and *Lowry cases* were decided, the Code of Civil Procedure has been materially altered.

In 1945, Section 11578, General Code, was amended (121 Ohio Laws, 367) to provide that an application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization. Section 11599, General Code, was amended to provide that "When a trial by jury has been had, a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization unless the court orders the case to be reserved for future argument or consideration." 121 Ohio Laws, 367. The provisions of former Section 11599, General Code, with respect to entry of judgment by the clerk and prohibiting such entry pending determination of a motion for a new trial were eliminated. Since amended Section 11578, General Code, required that the motion for a new trial be filed after judgment rather than within three days after a verdict or decision, there was no reason to delay entry of judgment upon a verdict or decision except upon reservation by the court.

In 1947, Section 11599, General Code, was again amended by providing that "When a trial by jury has been had and a verdict rendered, unless a motion for judgment notwithstanding the verdict shall have been filed, or the court orders the case reserved * * * a journal entry of judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization." 122 Ohio Laws, 686. This amendment was carried into Section 2323.15, Revised Code. The present form of the section eliminating reference to a motion for judgment n. o. v. was enacted in 1953 (125 Ohio Laws, 668).

It is to be observed that the traditional practice authorizing the clerk to journalize verdicts as provided in Section 382 of the Code of Civil Procedure, Section 5326, Revised Statutes, and Section 11599, General Code, was abandoned in 1945, except as now provided in Section 2323.22, Revised Code (Section 11604, General Code) that the entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction of the court. It would therefore ap-

pear that a docket entry signed by the trial court recording its finding and decision in a nonjury case should be regarded as a "direction" to the clerk to journalize such decision. There is nothing in the statute which prevents the court from *sua sponte* preparing and filing the journal entry in any case.

It may be contended that a docket entry in any case, jury or otherwise, constitutes a written "direction" to the clerk by the court authorizing journalization by the clerk upon such direction, but the provisions of Section 2323.22, Revised Code, are to be construed *in pari materia* with those of Section 2323.15, Revised Code, specifically requiring "a journal entry of judgment in conformity to the verdict shall be approved by the court in writing."

In several sections amended by the 1945 act, reference is made to a journal entry approved by the court in writing and filed with the clerk for journalization—Sections 11578, 11599 and the first and third paragraphs of Section 12223-7, General Code. The same phrase is carried in Sections 2321.19, 2321.21, 2323.15 and 2505.07, Revised Code. We held in *Ray Caldwell, Inc.,* v. *General Ins. Co.* (1951), 90 Ohio App., 381, 107 N. E. (2d), 233, that an entry of judgment on the trial docket by the trial court could not be journalized by the clerk until the journal entry thereon has been "approved by the court in writing" and "filed with the clerk." In the *Caldwell case,* there was a verdict of a jury entered by the court on the trial docket, which was immediately recorded by the clerk on the journal. Within a week thereafter, within term, a formal journal entry approved by counsel was signed by the court and filed. We therefore held that the clerk had no authority to journalize the docket entry until the journal entry thereon had been "approved by the court in writing and filed with the clerk for journalization," as Section 11599, General Code, then prescribed.

Since we are bound to follow the principle announced in the *Boedker* and *Lowry cases,* we are constrained to hold in the instant case, notwithstanding there was no trial and verdict by a jury, that the clerk was not authorized to journalize the finding and decision of the court in an action at law tried without a jury. We recognize that the provisions of Rule 10 are salutary in the interest of expediting the business of the court and re-

lieving the judge from the performance of a ministerial function, but we are compelled to hold that the provisions of Rule 10-(a) are in conflict with the express provisions of Section 2323.15, Revised Code, in the light of the decisions in the *Boedker* and *Lowry* cases. Cf. *Van Ingen* v. *Berger*, 82 Ohio St., 255, 92 N. E., 433. The rule should be amended in conformity with the statute and limited to nonjury cases and motions.[2]

Notwithstanding the foregoing observations, the journalization, although contrary to Section 2323.15, Revised Code, was in accordance with the finding of the court in its docket entry and recorded pursuant to the rule and direction of the court. A judgment is not void because of irregularities in the rendition thereof, but is voidable. Cf. 23 Ohio Jurisprudence, 814, 816, Section 511.

It is axiomatic that a court which has rendered a judgment may open, vacate, or modify it during the term at which it was rendered, in the exercise of sound discretion. *Tims* v. *Holland Furnace Co.*, 152 Ohio St., 469, 473, 90 N. E. (2d), 376. But in the instant case, two terms elapsed and the erroneous and irregular judgment became final and the court lost jurisdiction to enter another judgment (Cf. *Wyant* v. *Russell*, 109 Ohio St., 167, 142 N. E., 144; *M. J. Rose Co.* v. *Ross*, 23 Ohio App., 23, 154 N. E., 346: *Duncan* v. *State, ex rel. Williams*. 119 Ohio St., 453, 456, 164 N. E., 527), or to vacate its former judgment except on petition to vacate after term under the provisions of Section 2325.01, Revised Code.

The motion to dismiss the appeal from the judgment en-

---

[2]The writer is of the opinion that since the motion for a new trial and the motion for judgment n. o. v. must now be filed after judgment. there is no reason to impose upon the trial judge the burden of approving or preparing journal entries in simple actions at law, and that Section 2323.15, Revised Code. could well be amended to provide that in all cases, judgment must be entered (or recorded upon the journal) by the clerk in conformity to the verdict or decision of the court, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration. As a result of our decision herein, the clerk is required to record on the journal decisions in chancery, divorce and other non-jury cases. Since journal entries in divorce and chancery cases are much more complicated than those in ordinary actions at law, it is somewhat anomalous and inconsistent to require formal journal entries in actions at law and none

tered October 28, 1957, is overruled and the judgment is reversed and the cause remanded to the Common Pleas Court without prejudice to the right of the plaintiff-appellant to file a petition to vacate the judgment of February 7, 1957.

*Judgment accordingly.*

DEEDS and SMITH, JJ., concur.

SPENCER, APPELLANT, *v.* HEISE, APPELLEE.

(No. 5900—Decided November 12, 1958.)

in non-jury cases. However, it is the customary practice of trial courts in divorce and chancery cases to provide in docket entries—"See journal entry."

To the writer, the contention that Rule 10 makes no provision for notice to the parties upon journalization by the court or by the clerk, is untenable. It is conceded by counsel that the February 7, 1957, entry was published in the Legal News. Upon the submission of a case to the court for decision, it is the duty of counsel to keep in touch with the proceeding in the interest of protecting the rights of his client incident to filing motion for new trial, etc.