## CULTICE v DeMARO REALTY CO et

Ohio Appeals, 2nd Dist, Clark Co

No 323. Decided Jan 12, 1934

W. Y. Mahar, Springfield, and Olinger & Olinger, Springfield, for plaintiff in error.

Zimmerman & Zimmerman, Springfield, Kenneth L. Rush, Springfield, M. T. Burnham, Springfield, and Martin & Corry, Springfield, for defendant in error.

398

the Springfield Building & Loan Association and the defendants, Zirkle and Evilsizers, we find there is involved distinct and different grounds.

First considering the motion of the Springfield Building and Loan Association, it is our conclusion that the motion to dismiss must be sustained for the reason that this identical question was passed upon by this court in cause No. 321 and having been adjudicated becomes res adjudicata. The theory of counsel for plaintiff that the judgment of June 28 was not a final order from which error could be prosecuted, in our judgment, is not a correct statement of the law. As to the Springfield Building & Loan Association the original action in the Common Pleas Court was purely equitable. The judgment of June 28 was a final order and from which no motion for new trial need be interposed. Without further discussion we at once sustain the present motion of the Springfield Building & Loan Association to dismiss.

Coming now to consider the motion of the defendants Zirkle and the Evilsizers there arises a different situation. Of course, if it should be determined that the cause was equitable as it affected the defendants, Zirkle and Evilsizers, then the final judgment would be that of June 28, 1933, and, of course, the petition in error was not filed within the statutory limitation following that order. In an equitable action, motion for new trial is not a requisite condition precedent to instituting error proceedings. Not being requisite the fact of filing the motion for new trial will not toll the statute pending the determination of such motion. The rule that the time for filing petition in error dates from the judgment and not from the time of overruling motion for new trial has been repeatedly determined by the Supreme Court of our State.

Craig v Welpy, 104 Oh St 312,

Wells, Jr. v Wells, 105 Oh St, 471,

Dayton v Public Utilities Commission, 111 Oh St 476,

Duncan v State ex, 119 Oh St, 453.

If the action is one at law as against the defendants, Zirkle and Evilsizers, then a different rule prevails and final judgment may not be entered until after the expiration of the date for filing motion for new trial or if motion for new trial is filed, then only after the adjudication on the motion. This is the express provision of §11599 GC which reads as follows:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict unless the verdict is

## OPINION

By BARNES, J.

In considering the separate motions of

special or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed.

When a motion for new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

This code section was originally §5326 Revised Statutes. In many of the cases referred to and commented upon in the decisions above cited, §5326 Revised Statutes is referred to as it read prior to the amendment. Originally this section provided that the clerk should immediately upon the return of the verdict enter judgment unless the verdict was special or the court ordered otherwise. Under the present provisions of the code the judgment should not be entered until after statutory time for filing motion for new trial or after motion for new trial filed, then only when trial court has sustained or overruled same. Where, as in the instant case, a jury is waved, the above §11599 GC would apply provided always that it is an action at law.

In our independent investigation, we have found a very recent decision by the Supreme Court in which the history of §11599 GC is presented and the proper procedure following verdicts or finding of court where jury waived and many other questions very enlightening, in the determination of the in-instant case. We refer to the case of **Booker v Richards Company, 124 Oh St, page 12.** Syllabus 1, 2 and 3 reads as follows:

"1. Where an action at law was submitted to the court, trial by jury being waived by parties, the finding of the court is equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.

"2. Under the provisions of §11599 GC (§5326 Revised Statutes as amended in 1902, 95 O. L., 351), an entry of judgment in a suit at law before the expiration of the three day period within which a motion for new trial may be filed is ineffective to start the running of a limitation for filing of petition in error.

"3. In the event a motion for new trial is in fact filed within three days after the entry of the judgment the limitation within which a petition in error may be filed runs from the entry of the judgment upon the overruling of such motion for new trial."

From the opinion of Judge Marshall in the reported case, we find the following pertinent facts.

A jury was waived and the case was submitted to the court without the intervention of jury April 27, 1929, and a decision was rendered in favor of plaintiff and the following judgment was **immediately** entered upon the journal. (The black face is ours.)

Two days later, on April 29, 1929, the defendant filed a motion for new trial, which motion was not disposed of until March 18, 1930. The proceedings in error to the Court of Appeals was filed within the statutory period following March 18, 1930, but was not within the period of limitation from the date of April 27, 1929. The Court of Appeals on motion dismissed the petition in error on the ground it was not filed within 70 days after the entry of the judgment of April 27, 1929. The Supreme Court reversed the Court of Appeals on the ground that the trial court had no right to enter judgment prior to the expiration of three days for filing motion for new trial and since motion for new trial was filed within two days the judgment following overruling of motion and entering judgment would be the effective date as controlling the filing of proceedings in error.

The instant case is to be distinguished in that the judgment of the trial court filed June 28, 1932, was not entered immediately following the decision of the trial court nor within the statutory three days prescribed for filing motion for new trial. The decision was rendered June 21, 1932. This decision in effect is identical with a verdict. See opinion of Judge Marshall at **page 19, 124 Oh St, supra.**

"The fact that a jury was waived in the instant case does not effect the principle involved. Technically speakng the finding of the court would not be the verdict of a jury but the rights of the parties would be the same in either event."

In the instant case the motion for new trial should have been filed within three days from the rendition of the decision on June 21.

If not filed within that time it is waived and may not be filed afterwards. The case is then ripe for entry of judgment. Filing motion for new trial within three days from the judgment is not timely where the finding of the court preceded the judgment more than the three days.

The judgment of the trial court overruling the motion for new trial and again journalizing the finding in substantially the

same language as the entry of June 23 would be ineffective. The filing of motions for new trial within the statutory period is jurisdictional.

In a case where a jury is not waived the procedure is well understood that the time for filing motion for new trial is within three days from the return of the verdict. The unsuccessful litigant can not wait until after a judgment is entered upon the verdict and then filed his motion within three days following the entering of the judgment. Of course, if judgment should be entered within the three days following the verdict as stated in 124 Oh St, supra, second syllabus it is ineffective. In other words, the situation remains just the same as though it had not been filed at all. The unsuccessful litigant still has the three days from the date of the verdict for his motion for new trial.

If in a case where jury is waived, the trial court should fail to render a separate decision and finding but would confine himself to preparing and journalizing a pretended judgment such pretended judgment would be ineffective as such and in that instance would be considered nothing more than a finding and the losing litigant would have the requisite three days thereafter for filing moton for new trial. This was not done in the instant case. The trial court followed the proper and orderly procedure of rendering a decision which in effect was a finding similar to a verdict of a jury.

It is our conclusion that the plaintiff in error is not properly in court and therefore the motion to dismiss the petition in error will be sustained, at her cost. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.