## CULTICE v DeMARO REALTY CO et

Ohio Appeals, 2nd Dist, Clark Co

No 323.   Decided March 7, 1934

W. Y. Mahar, Springfield, and Olinger & Olinger, Springfield, for plaintiff in error.

Zimmerman & Zimmerman, Springfield, Kenneth L. Rush, Springfield, M. T. Burnham, Springfield, and Martin & Corry, Springfield, for defendant in error.

## OPINION

By BARNES, J.

It now becomes necessary to determine the original proceedings in error as between the plaintiff, Myrtle Cultice, and the defendants Zirkle and the Evilsizers.

In the court below it was determined that the plaintiff should not recover against these defendants for the reason that through her failure to record her assignment of mortgage, the lien was lost, and that by reason of this negligent conduct she should not be permitted to hold these defendants on their personal liability.

It is only where the holder of the lien does some overt act through which the lien is lost that makers and endorsers can complain.   The mere failure to act will not have such an effect.   Counsel for Zirkle and the Evilsizers urge that the defendants' liability can only attach after foreclosure of mortgage, and then only as a deficiency judgment.

The case of the **Marion Development Company v Bruce, 39 Oh Ap, 253, (10 Abs 669)**, was cited as the authority supporting the claim.

On March 29, 1933, in the case of **Simons v Union Trust Company, 126 Oh St, 346,** the Supreme Court abrogated the rule announced by the Court of Appeals and held that the right to personal judgment is unaffected by the mortgage given to secure the note.

We have examined the cases cited by counsel for Zirkle and others, holding that suit on a note for personal judgment joined with a cause of action for foreclosure of mortgage is an equitable action.   In the case cited in **21 Circuit Court, 413,** attempt is made to distinguish the case of **Grapes v Barbour, 58 Oh St 669.**   It is our conclusion that the first cause of action is one at law and that the second cause of action is an equitable action.

Under the state of the record it is our conclusion that the court was in error in dismissing plaintiff's first cause of action and finding for the defendants Zirkle and the Evilsizers.   The cause will be remanded for further proceedings according to law.

HORNBECK, PJ, concurs.