## SHOWERS v PRUDENTIAL INS CO

Ohio Appeals, 2nd Dist, Champaign Co

No 96. Decided Nov 15, 1935

George Waite, Urbana, and Elmer Mc-Clain, Lima, for plaintiff in error.

G. V. Fromme, Urbana, for defendant in error.

**OPINION**

By HORNBECK, J.

The date of the making of the deed does not appear in the pleadings, although the sale, according to the petition, was had on September 16, 1933. The petition was filed in the Common Pleas Court February 14, 1935. The entry of the trial court upon the trial of the cause was filed of date June 18, 1935, motion for new trial filed the same day, and the entry overruling the motion was dated July 8, 1935. The bill of exceptions was filed in this court August 24, 1935. The bill of exceptions was, therefore, filed on the 67th day after the entry of June 18, 1935, and on the 47th day after the entry of July 8, 1935, overruling the motion for new trial. The statute, §11564 GC, provides that when a bill of exceptions is necessary to the presentation of the cause of the plaintiff in error in the Court of Appeals it shall be filed in the cause not later that forty days after the overruling of the motion for new trial or the decision of the court, when the motion for a new trial is not filed. If the entry overruling the motion for a new trial could be considered the judgment entry, still the bill of exceptions was not filed within time. The motion for a new trial was necessary to a review of the judgment on the claim of error in weighing the evidence. Turner, etc. v Turner et, 17 Oh St 449, Spangler v Brown, 26 Oh St 389. The instant suit was in equity. An examination of the entry of July 8, 1935 discloses that it is not a judgment on behalf of the plaintiff below and against the defendant. We recognize the entry of June 18, 1935, as the judgment entry, from which date the time begins within which the bill of exceptions must be filed.

We have considered the errors set forth in the petition in error and are satisfied that no claim of error is exemplified upon the record, independent of a consideration of the bill of exceptions. As the bill of exceptions is necessary to exemplify any claim of error in the petition of error which

is material, it is essential that the bill of exceptions be before us for review. Inasmuch as it was not filed within the time prescribed by statute we can not consider it and for that reason alone would be required to sustain the motion of the defendant in error to dismiss for failure to file the bill of exceptions within the time required by law.

Counsel for plaintiff in error direct the attention of the court to the fact that the plaintiff in error on September 16, 1935

"left with the Conciliation Commissioner of Champaign County, Ohio, for the purpose of forwarding the same to the clerk of the United States District Court for the Southern District of Ohio, Western Division, his petition as a farmer debtor praying for relief under §75 of the Bankruptcy Act as amended, and that the said petition was duly filed in the said United States District Court on September 17, 1935; * * * that said petition is now pending in said United States District Court;

"That said §75 of the Bankruptcy Act provides that '(n) The filing of a petition or answer with the clerk of court, or leaving it with the Conciliation Commissioner for the purpose of forwarding same to the clerk of court, praying for relief under §75 of this act, as amended, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right, in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, the right of the equity of redemption where the period of redemption has not or had not expired, or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition.

In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section'."

We have quoted from the memo. of coun-

sel for plaintiff in error, including the underscoring as therein found.

It is urged by counsel for plaintiff in error that the quoted portions of §75 of the Bankruptcy Act, and particularly the underscored parts thereof, preclude this court from giving any consideration whatever to this proceeding in error.

The action of the plaintiff in error in the Common Pleas Court is to set aside a deed which had been delivered and filed of record long prior to the filing of the petition of the plaintiff in error in the United States District Court. No title, legal or equitable, in the property described in the petition can be claimed or found in the plaintiff in error until action is taken setting aside the deed to the defendant in error. The judgment of the Common Pleas Court is in favor of defendant in error and is not suspended by this proceeding in error. Thus, the Federal Court takes no jurisdiction whatever of real estate to which the plaintiff in error has no right or title, legal or equitable, at the time of the filing of the petition with the clerk of the United States District Court. The non-applicability of the underscored parts of the quoted portion of §75 of the Bankruptcy Act to this proceeding becomes apparent in the light of the facts to which we have adverted.

Because there is some doubt if counsel for plaintiff in error had specific notice of the purpose of this court to strictly enforce Rule 8 of the Rules of Practice, we would not be disposed to sustain the motion to dismiss for failure to observe Rule 8. The necessary steps will be taken by the court to assure specific notice to all of counsel for the Champaign County Bar of the purpose of this court to strictly enforce Rule 8 of the Rules of Practice of the Courts of Appeals. which we have been consistently enforcing since January 1, 1935 in all jurisdictions where the members of the Bar have been duly notified.

The motion of defendant in error to dismiss for want of prosecution will be overruled. The motion to strike the bill of exceptions from the file will be sustained, and the entry carrying into effect the action of this court will provide for the sustaining of the motion as heretofore indicated and for affirmance of the judgment of the trial court, inasmuch as the proceedings in error were completed.

BARNES, PJ, and BODEY, J, concur.