**ANDERSON v LOCAL UNION No 413 et**

Ohio Appeals, 2nd Dist, Franklin Co

No. 2914. Decided March 29, 1939

Vorys, Sater, Seymour & Pease, Columbus; Touvelle & Glander, Columbus, for appellee and for the motion.

Paul M. Herbert, Columbus, for appellants and contra the motion.

## OPINION

BY THE COURT:

At the outset we are required to say that upon the authority of a recent holding made by this court the appeal ·must be dismissed independent of either ground of the motion of appellees for the reason that the notice of appeal does not designate the order, judgment or decree appealed·from. The notice is directed to,

"the order, judgment, and· decree of the Court of Common Pleas of the fourth day of April, 1938, wherein the court overruled the motion for new trial and directed final judgment in favor of the plaintiff and against the defendants."

Obviously there was no judgment entered on the fourth day of April, 1938, except a judgment in favor of defendants, namely, dismissing a temporary restraining order theretofore issued against them. This will more particularly appear in the chronological order of the entries hereinafter set forth. The overruling of a motion for new trial is not a judgment or final order. **Young v Schallenberger, 53 Oh St 291, Dowty v Pepple, 58 Oh St 395, Wells, Jr. v Wells, 105 Oh St 475.** The only judgment which adversely affects the defendants and from which an appeal could properly be perfected by them is that of date February 24, 1938.

In **Mahaffey, et al v Stine, et al, No. 1542,** Montgomery Co., Dec. 15, 1938, unreported, **(28 Abs 361)** we hold that where the notice of appeal is expressly directed to an entry of a specified date, which entry was not a final judgment, it could not be amended to refer to a judgment of a prior date to which the notice should properly have been directed. In the cited case as in the instant case our attention was not directed to the infirmity in the notice but as it becomes a jurisdictional defect we dismissed sua sponte.

The matter submitted and briefed is on the motion of appellee consisting of two branches,

(1) To dismiss the appeal on questions of law and fact because the court does not have jurisdiction of the cause appealed by reason of the fact that the notice of appeal was not filed within the time prescribed by §12223-7, GC.

(2) If the court permits the cause to stand as an appeal on questions of law then the appellee moves the court for an order to dismiss said appeal for failure of the appellants to file their assignments of error and brief within 50 days· after filing notice of intention to appeal.

An examination of the transcript of docket and journal entries discloses that the appellee, plaintiff below, prayed for injunctive relief as did the defendants in their answer. Upon issues drawn the cause was presented on evidence resulting in the entries which require consideration on the motion.

On February 24, 1938, an entry was spread on the record in the form of a permanent restraining order against the defendants and a dissolution of a temporary restraining order against plaintiff together with a judgment for the plaintiff for his costs.

On February 26, 1938, the defendants filed a motion for new trial consisting of seven grounds among which was (1) the decision of the court is contrary to the evidence.

April 4, 1933, an entry was filed dissolving a temporary restraining order theretofore issued against the defendants releasing bond and overruling the motion of the defendants for a new trial.

Thereafter on April 13. 1938, the defendants gave notice of appeal in the following language:

"Notice is hereby given by the defendants-appellants of their appeal on questions of law and fact, in the above entitled action, from the order, judgment and decree of the court of Common Pleas, Franklin County, Ohio,

wherein on the fourth day of April, 1938, the said court of Common Pleas overruled the motion for a new trial in said cause filed by defendants-appellants and entered final judgment in said cause in favor of the plaintiff-appellee and against the defendants-appellants."

On June 27, 1938, the appellants moved for an order extending the time for filing their brief to August 1, 1938. We first consider the second branch of the motion. We are committed to strict enforcement of Rule VII of this court and if the appellants are remanded to an appeal on questions of law only we would be required to say that the rule has been breached. This does not necessarily follow because the brief of appellants was not filed within time fixed by the rule but because the application for extension was not filed within the time within which the brief should have been filed. Much of the substance appears in the application for extender of time in which to file brief. This, however, does not excuse a failure to make timely application for such leave. It was the obligation of counsel, if there was good cause for an extender, to make the application therefor before the time had elapsed within which the brief should have been filed under the rule.

On the second branch of the motion it is the claim of counsel for the motion that the suit below was in chancery; that the entry of February 24, 1938 was a judgment or decree which for the purposes of an appeal on questions of law and fact required no motion for new trial; that the filing of such motion did not toll the running of the time within which the notice of such appeal must have been given, and that said notice filed on April 13, 1938, more than 20 days after the judgment, was too late for an appeal on law and fact under §12223-7, GC.

Appellees concede that the motion for new trial was only filed within contemplation of the code relating to an appeal on questions of law but urge the failure to observe Rule VII of this court which we have heretofore considered.

This branch of the motion presents an interesting question. Counsel have given much time and attention to consideration of the matter presented and have briefed it thoroughly. The question is timely and of much interest to the bench and bar. We have held this motion with the knowledge that the same question was presented and decided in the case of **The First National Bank of Canton, Ohio v The Kittoe Boiler & Tank Co., et al.,** Stark County, unreported, in which a motion to certify has been pending and was determined by the overruling of the motion, Ohio Bar, March 13, 1937, page 743. The action of the Supreme Court is not determinative of the motion in this case although it is persuasive in favor thereof.

The Court of Appeals of Stark County had, in the cited case, dismissed an appeal in which the notice of appeal was filed more than 20 days after the judgment entry in a chancery case but within 20 days after the overruling of the motion for new trial. In the cited case as in the instant case the finding and judgment were incorporated in the same entry. The court relied upon **State ex rel Longman, et v Welsch, et, 133 Oh St 244.**

We may safely start with the proposition that those who sponsored and wrote the new Appellate Code and §12223-7, GC, thereof intended to simplify procedure and did not contemplate that there should be more than one notice of appeal filed in any case in which an appeal was to be prosecuted. Thus, if we are to hold contrary to the purpose and spirit of the act it must be done because the language therein employed will permit of no other conclusion.

The §12223-7, GC provides,

"The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless (1) In appeals * * * , to courts of appeals * * * within twenty (20) days. Provided, that,

when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

It is obvious that the time in which an appeal may be perfected begins to run from the date of the overruling or sustaining of the motion for new trial only when such motion is duly filed and that it is to be filed within three days after the verdict or decision.

A motion for new trial, as such, was not known in the chancery practice in England. The procedural step to request a rehearing of the case was known as a motion for rehearing. A motion for a new trial in a chancery case is not necessary as a basis for an appeal on law and fact but if a review on questions of law on the weight of the evidence is desired, it is proper and essential that the motion be filed.

We recognize that the term "new trial" is treated by text book writers as pertaining to law cases only but our procedure is regulated and defined exclusively by the code. §11575 defines new trial,

"A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, a report of a referee or master or a decision by the court."

This definition includes a finding by the court in an equity case unless "decision" is limited to the finding of a judge in lieu of a verdict or in law cases only.

Likewise §11576 defining causes for which new trial may be granted includes a number of causes which seem to apply to such a motion in an equity case.

Though it may not be the practice, we perceive no reason why in an equity case the losing party should not have the right to call upon the court which determined the cause for a reconsideration or a new trial upon the weight of the evidence provided this motion is made before the judgment entry has been spread upon the record.

The filing of a motion for new trial after final judgment entry, unless under the exceptions of §§11578 and 11631, GC, would seem to be improper procedure but for two cases in Ohio. Procedure to open up judgments during term is well recognized and is an independent, separate and distinct proceeding.

There are two cases in Ohio, **Turner v Turner, 17 Oh St 450, Spangler v Brown, et al, 26 Oh St 389,** which hold that it is proper and necessary in a chancery case to file the motion for new trial even after judgment and have it acted upon if it is desired thereafter to review the act of the trial court in weighing the evidence.

In the Turner case it is said in the first syl.,

"In a case in equity, under the code, as well as in a case which before the code would have been an action at law, before this court can review the finding in the court below on conflicting evidence, it is indispensable that a motion for a new trial, on the ground that such finding is against, or not sustained by, the evidence, should have been made and overruled."

In Spangler v Brown the first and second syllabi are as follows:

"(1) Where there is evidence fairly tending to support the finding or judgment of the court, its judgment will not be reversed on the ground that it is contrary to the evidence, unless a motion for a new trial on that ground has been made and overruled, as provided by the statute * * * .

(2) This rule applies as well to cases in the nature of bills in equity, as to cases in the nature of common law actions."

In neither of these cases was a motion for new trial filed. In the Turner case the court speaks of the necessity of filing a motion for new trial directed to the "finding" of the court below but in Spangler v Brown the court speaks of "finding" or "judgment" as though used synonymously.

It will be noted that in the first paragraph of §12223-7, GC, the words, "order", "judgment", and "decree" are used, whereas, in that part which refers to the motion for new trial the terms "verdict" or "decision" are employed. Having employed different terms it would seem that different meanings are desired to be expressed. Neither "verdict" nor "decision" ordinarily is synonymous with "order", "judgment" or "decree". The meaning of verdict is well understood as the action of the jury upon issues submitted to it for determination. The finding or decision of a judge upon a law case when a jury is waived is analogous to verdict and so considered. A verdict or decision in lieu of a verdict in a law case is preliminary and prerequisite to a judgment. It is probable that the word, decision, is also used to define an act of the court preliminary though possibly not prerequisite to a decree in a chancery suit.

It is our opinion that it would do no violence to construction to hold that the word, "decision" contemplates a determination in lieu of a verdict in a law case of a finding of the court in a chancery case reduced to writing and filed as an entry. In the law case the verdict or finding in lieu of verdict and in the suit in chancery the finding or decision is properly entered before the judgment and it is contemplated in the section that this will be the order followed. The judgment follows. If this procedure is adopted there is a logical, simple and systematic order in perfecting an appeal and in entering judgment from which appeals are prosecuted.

In the **Buckeye Pipe Line Company v Fee, 62 Oh St 543** and **Industrial Commission v Musseli, 102 Oh St 10**, it has been held that "decision" and "judgment" as found in §§11576, and 11578 are synonymous. In the Fee case, Judge Spear writing the opinion said,

"It would seem that the act called here a decision is intended to embrace the last act of the court; in other words, the judgment."

Considerable more is said in the opinion elaborating upon this conclusion and in the Musseli case, Judge Jones, discussing the meaning of decision under §11578, GC, page 14, says,

"It would seem that the act called here a decision is intended to embrace the last act of the court; in other words, the judgment."

These holdings are consistent with those of Turner v Turner and Spangler v Brown, supra. These latter opinions relate to law cases but the analogy between decision and judgment in a law case would permit the holding that a judgment or decree in an equity case is synonymous with decision under §12223-7, GC. If so, then clearly a motion for a new trial would be proper even after judgment.

Counsel for appellees have cited **Craig v Welply, 104 Oh St 312, Wells, Jr. v Wells, 105 Oh St 471, Heigel v Heigel, 125 Oh St 638, In re Guardianship of Gausepohl, 51 Oh Ap 261, Neth, Exr. v Neth, 51 Oh Ap 267, Cultice v DeMaro, 16 Abs 396**, to which might be added **Showers v Prudential Insurance Company, 20 Abs 312**, all of which are to effect that a motion for new trial after judgment in equity cases and the cases there under consideration was ineffective to toll the running of the statutory time within which an appeal could have been perfected. Our attention is also drawn to the more recent case of **State ex rel Longman v Welsh, 133 Oh St 244**, wherein it was held that a demurrer having been sustained to a petition in mandamus and the petition dismissed a motion for new trial was not proper.

All of the foregoing cases but the last were decided before the enactment of the new Appellate Code.

In Longman v Welsh the basis for the holding seems clear though some statements in the opinion are more difficult of interpretation. There could have been no necessity for a reconsideration of . e determination of the facts because there was no dispute, the cause having been submitted on an agreed statement of facts. The only question before the court was the correctness of the application of the law to the conceded facts and issue of law only. In this situation there was no place for motion for new trial in the view which our Supreme Court has heretofore taken of the place and purpose of such a motion.

A motion for new trial has a definite function in chancery suits whether to invoke reconsideration by █ the trial judge or as a basis for a review on the weight of the evidence on an appeal on questions of law and when filed within time after decision is duly filed.

The new Appellate Code relates entirely to procedure and not to substantive rights. That such enactment is within legislative purview there is no doubt. The legislature cannot enlarge or limit the constitutional jurisdiction of the █ al jurisdiction of the Court of Appeals but may provide by law for the method of exercising that jurisdiction. **The Cincinnati Polyclinic v Balch, 92 Oh St 415, Wells, Jr. v Wells, 105 Oh St 471.**

Without respect to the effect to a motion for new trial in a chancery case before the enactment of the new appellate code we are satisfied that now by virtue of §12223-7, GC, the time in which an appeal on questions of law and fact as well as on questions of law begins to run from the overruling of motion for new trial when it is properly filed.

It is urged that the word, "decision", in the expression in §12223-7, GC, "when the motion is duly filed" means a proper filing of the motion for a new trial in law cases as defined in **Boedker v Richards, 124 Oh St 12.** This is a possible interpretation of the application of the word "duly" but in our judgment is restricted and thwarts rather than accomplishes the intention of the section of the Code.

The conclusion which we reach on the second branch of the motion is a variance with the First National Bank of Canton v The Kittoe Boiler & Tank Co., et al, supra and if our judgment in this question was determinative of the motion we would gladly certify it as a conflict case. We held this opinion pending determination of the motion to certify in the First National Bank case without an appreciation that we would have to dismiss this case upon our own motion on jurisdictional ground.

Both branches of the motion will be overruled but the appeal must be dismissed for the reason heretofore stated.

HORNBECK, PJ, GEIGER and BARNES, JJ, concur.