We have re-read the court's opinion in the former hearing, and have carefully studied the brief of counsel.

It is apparent that there were serious questions involved, inasmuch as there was a dissenting opinion.

We do not find that the brief presents any new matter.

The disentailment statute and the necessary parties in such an action were considered and passed upon as will appear from the opinion.

We then held that while the case of Schneider v Wolf, 120 Oh St 524, indicated the parties who were necessary in a disentailment action, that that matter was not raised in the action to sell on foreclosure of a tax lien and we there stated—

"The case at bar is a proceeding under the statute to foreclose a tax lien, and while it may have been possible under proper pleadings to secure a disentailment of the estate as provided by §11925 GC, and seemingly sanctioned by by the Schneider case, no such attempt was made, and no proper allegations that would have supported such an action appear in the petition."

The action was not so regarded, and was not plead as one in which "it is sought to quiet the title of parties interested therein, as against an entailing provision found in a last will and testament covering the property."

We do not feel that anything may be gained by a re-hearing upon this matter, as all questions have heretofore been considered, and we think passed upon.

We trust that the matter is of sufficient interest to engage the attention of the Supreme Court.

Applicaion for rehearing dismissed.

GEIGER and BARNES, JJ., concur.
HORNBECK, PJ., dissents.

### McLAUGHLIN v RAWN

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3113. Decided Dec. 12, 1939.

Huggins & Liggett, Columbus, for plaintiff-appellee.

N. L. Greenlee, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on plaintiff-appellee's motion to dismiss defendant's appeal on questions of law for the following reasons, to-wit:

"(a) The Court of Appeals does not have jurisdiction of the case because motion for new trial in common pleas court was not filed within time prescribed by law.

"(b) Notice of appeal was not perfected within time provided by law.

"(c) Other reasons apparent upon the record."

We will take up these questions in order.

This Court has repeatedly held that failure to file motion for new trial within time, through which bill of exceptions may not be considered, will not be a ground for dismissing appeal for two reasons.

First, the claimed error may be manifest without resort to the bill of exceptions.

Second, in any event, it is not proper procedure to dismiss the appeal, but rather, if the claimed errors would not only be manifest through a bill of exceptions which is not before the court on review, the proper order would be an affirmance of the judgment of the trial court. We might rest our decision entirely on the above procedural question, but since appellee predicates his reasoning, to a large extent, upon the case of Cultice v DeMaro Realty Company, 16 Abs 396, decided by our Court in 1934, we think, for obvious reasons, that some further comment should be made. Following the release of our opinion in the Cultice case, which is now found in 16 Abs, supra, an application for rehearing was submitted and sustained and in the opinion sustaining the application our position was reversed, 16 Abs 625.

The writer of the original opinion in the Culstice case, supra, predicated the opinion on the language of §11599 GC, which refers to "decision" or "verdict" and this language coupled with the opinion of Judge Marshall, found in the case of Boedker v Richards Company, 124 Oh St 12, prompted us to hold that the word "decision" would embrace "opinion" as occupying a similar status as that of "verdict', when such opinion was in writing and filed as a paper in the case. On an application for rehearing, our attention was called to the case of Industrial Commission v Musseli, 102 Oh St 10 and State v Hoffman, 103 Oh St 391. In the latter cases it was specifically determined that "decision" meant judgment and in effect that a Court only speaks through its journals. From these cases we arrived at the conclusion that our original opinion was incorrect.

The orderly procedure in a chancery case or in an action at law, where jury is waived, would be to prepare and have journalized a finding entry. Following such finding entry, the losing party would have three days within which to file his motion for new trial. If the motion for new trial is overruled, judgment entry would then follow predicated upon the previous finding entry and the overruling of motion for new trial.

Wherever a motion for new trial is properly filed, either in equity case or law case, the time for filing notice of appeal would be stayed until the motion for new trial is passed upon and final judgment entered. §12223-7, GC.

Counsel for appellee in support of his motion devotes some time and space to the distinction between an equity case and a law case. Under the situation in the instant case, this is immaterial. Regardless of whether the original action is one in chancery or at law, the losing party has a right to appeal on law (error). Formerly motion for new trial was not filed in an equity case. Under the new procedural act. §12223-7, GC, motion for new trial may be filed in chancery cases where the claimed errors are predicated upon such matters as would be manifest through a bill of exceptions, and when such motion for new trial is filed it stays the time for filing notice of appeal either on law or law and fact until after the determination of such motion and the entry of final judgment. Anderson v Local Union No. 413, 29 Abs 364.

This is exactly what the Court of Appeals of Summit County is referring to in the case of State ex Squire v Winch, et, 62 Oh Ap 161 (also found in Ohio Bar under date of November 13,

1939). Contra in First Nat'l Bank v The Kittoe Boiler & Tank Co., Stark Co., 62 Oh Ap 411.

An examination of the pleadings in the instant case discloses that the action was one at law. The fact that an issue raised through the answer and reply raised some equitable question would not alter the nature of the action since any equitable question injected was merely incidental and not the major question presented. The transcript of the docket and journal entries discloses that the motion for new trial was overruled on October 16, 1939 and the notice of appeal was filed October 24, 1939. The original entry of date of October 16th merely overruled motion for new trial. On November 22, 1939, the trial court entered a nunc pro tunc entry as of October 16, 1939, wherein judgment entry was entered as follows:

"It is therefore, ordered, adjudged and decreed that the plaintiff, C. J. McLaughlin, recover from the defendant, Nora Mae Rawn, the sum of Seven Hundred Fifty Dollars ($750.00) with interest at 6% per annum from September 4, 1936, and his costs herein expended."

By separate entry on same date, to-wit, November 22nd, the trial court approved and caused to be journalized a journal entry deleting from the files of the court the original decision of of the court filed by the appellee with the Clerk as a paper in the case on April 4, 1939, and also ordering the correction of the docket and journal entries, etc.

We think the court had the right, if the existing facts warranted, to enter a nunc pro tunc order as was done.

Generally the preferable practice, where the facts would not permit a nunc pro tunc order, would be to treat as a nullity the puported judgment entry which precedea a properly filed

motion for new trial and enter the final judgment entry following the entry overruling motion for new trial.

Of course, usually the overruling of motion for new trial and entering final judgment would be in one and the same judgment.

Appellee's motion to dismiss appeal will be overruled. Entry may be drawn accordingly.

HORNBECK, PJ & GEIGER, J., concur.