## WUICHET, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1627. Decided Feb 17, 1940

Paul H. Blum, Dayton, for appellee, Mary W. Blum, and for the motion.

Sheridan & Jenkins, Dayton, for the estate and Flora K. Wuichet, deceased, and contra the motion.

### OPINION

By HORNBECK, PJ.

Submitted on motion of appellee, Mary W. Blum for an order dismissing the appeal because it was not perfected within the period allowed by law.

In the brief of counsel for the mover is set forth the salient facts from which arises the question raised by the motion. From this it appears that the cause in the trial court was submitted on an agreed statement of facts of date, November 1, 1939. Thereafter of date, December 12, 1939, there was filed that which is headed, "Finding Entry". An examination of this entry is con-vincing that it is properly designated as it does no more than to make a finding by the court of the respective interests of those affected by the decision in the case. On December 15, 1939. there was filed a motion for re-hearing' and for new trial. This set forth but one ground, namely, that the finding and opinion of the court is not sustained by sufficient evidence and is contrary to law. Thereafter, on the 19th of December, 1939, a judgment entry was spread upon the record where-in the motion of the Executor for re-hearing and for a new trial was over-ruled, journalizing the former findings and carrying them into final judgment. On January 6, 1940, the Executor of the estate of Flora K. Wuichet, deceased, filed his notice of appeal in the trial court.

It is the basis of the motion to dis-miss that the notice of appeal was not given according to the provisions of the Appellate Code, in that it was not filed within twenty (20) days after the date of the overruling of the motion for new trial.

Our attention is directed to §12223-7 GC and to several recent cases, name-ly, **State ex Longman v Walsh, 133 Oh St 244; First National Bank v Kittoe et, 61 Oh Ap 411; State ex Squire v Winch, 62 Oh Ap 161.**

Suffice to say that we considered and discussed all of these cases in **Ander-son v Local Union, etc. et, 29 Abs 364.** Neither in this nor any of the cited cases was the question presented the same as here but went to the proposi-tion whether in a chancery suit a mo-tion for new trial after judgment was necessary or proper. In State ex Longma man v Welsh the judgment had been en-tered after the sustaining of the demur-rer. In the other cited cases and in An-derson v Local Union, after judgment, motions for new trial were filed as-signing as grounds therefore that the judgments were manifestly against the weight of the evidence. We held that a motion for new trial was proper and necessary and that the limitation with-in which a notice of appeal could be given began as of the date of the over-

ruling of the motion. This is in accord with the decision in State ex rel Squire v Winch, supra, and contra the decision in First National Bank v Kittoe et al. Without further observation on this question we refer counsel to the opinion in Anderson v Local Union, supra.

The motion in this case may be decided upon the express terms of the controlling §12223-7 GC, which insofar as pertinent reads:

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time for perfecting the appeal shall not begin to run until the entry or the order overruling the motion for new trial." (Emphasis ours).

So that, if it be conceded that the motion for new trial was duly filed in this case, then the limitation upon the notice of appeal did not begin to run until after the entry overruling the motion for new trial. On the other hand, if the motion for new trial was not duly filed then the earlier date when the right to file the notice of appeal began was when the judgment entry was filed. Inasmuch as the entry overruling the motion for new trial and granting judgment was filed as of the same date, there can be no doubt that this was the time when the right to file the notice of appeal began and the notice, being filed within 20 days thereafter, meets the requirements of the statute.

Counsel for appellant in this case has adopted very proper procedure in the filing of entries pursuant to the decision of the trial judge. First, there is filed a finding entry which does not have the effect of causing the statute to run against it as to the time within which the notice of appeal shall be given because it is neither a judgment nor a final order. Then is filed the motion for new trial or application for rehearing. There, of course, is the recurring question whether or not a motion for new trial is appropriate in a chancery case. Finally, after the motion for new trial has been disposed of, the judgment entry is spread upon the record which clearly in this case is the earliest date when the right of appeal arises and the earliest time when the period begins to run within which the notice of appeal must be filed.

Whether or not in a chancery case the filing of a motion for new trial after the judgment has been entered, tolls the beginning of the period in which the appeal may be perfected until after the entry overruling the motion for new trial, has not yet been decided by our Supreme Court.

The motion will be overruled.

GEIGER and BARNES, JJ., concur.