### LOWRY, ESTATE OF, In re

Ohio Appeals, 2nd Dist, Franklin Co

No 3296. Decided Jan 21, 1941

Ray W. Poppleton, Columbus, for claimant-appellee.

Clarence M. Addison, Columbus; Phil S. Bradford, Columbus, and James E. Hale, Columbus, for respondent-appellants.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on motion to dismiss the appeal for the reason that no motion for new trial was filed in the trial court, and by reason thereof the cause can not be reviewed on the weight of the evidence, it appearing that a determination of any and all of the assignments of error requires a weighing of the evidence. If we concede all that is claimed in appellee's motion, it would not be correct procedure to dismiss the appeal, but rather the judgment of the trial court would be affirmed.

Counsel for appellant, in their brief, contra the motion to dismiss, advance the claim that prejudicial error is manifest aside from the questions presented

through the bill of exceptions. The briefs present a divergence of views, but without passing on the merits of their respective claims we do hold that the appellant has the right to have these claims judicially determined, and for that reason, if for none other, the motion to dismiss would be overruled. The correct procedure to be followed by appellant under the stated facts in his motion would be to move to strike the bill of exceptions from the files.

In the absence of such motion, appellant would raise the same question by urging that under the state of the record we may not consider the bill of exceptions on the claimed ground that no motion for new trial was filed.

In the interest of expediting the final determination of the cause, we have concluded to make some observation on this very important question.

The action originated in the Probate Court by virtue of a complaint filed by Ray W. Poppleton, Acting Ancillary Administrator of the estate of William D. Lowry, deceased, charging that Kate E. Lowry of Columbus, Ohio, has concealed, embezzled, or conveyed money, goods, chattels, things in action, or effects belonging to the estate of said deceased. A citation was issued on the complaint, and thereafter the cause came on for hearing. During the course of the hearing it was stipulated that the Court should first determine whether or not Mrs. Lowry was guilty under the complaint, and if the Court should determine in favor of the ancillary administrator, the hearing should then proceed to the determination of the value of the property, etc. Following this plan the trial court in a written opinion found in favor of the ancillary administrator and against Mrs. Lowry. Within three days counsel for Mrs. Lowry filed motion for rehearing and new trial, although the written opinion of the court had not been journalized.

Continuing the hearing, the Court again in a written opinion determined the nature and extent of the property converted, together with the value, etc. Within three days counsel for Mrs. Lowry again filed motion for rehearing and new trial, although at the time this decision of the Court had not been journalized. The first decision of the Court was made on July 2, 1940, and the second, on August 30, 1940. The journal entry was not filed until September 3, 1940. This entry embraced the essential substance of both of the previous opinions. On the same day, to-wit, September 3rd, by separate entry, the Court overruled the two motions for rehearing and new trial previously filed. As to which was filed first is not disclosed, although counsel for appellee makes the statement that the entry overruling motion for new trial was first filed. In the absence of any showing to the contrary, we would assume that they were filed simultaneously, although in the actual entry on the appearance docket the clerk would necessarily make the entry as to one before the other.

The notice of appeal was filed within time.

This question is not entirely new to us under some of its phases, although we have not previously considered the identical question. The wording of §11578 GC, is undoubtedly responsible for these unfortunate situations. The pertinent part of this section provides that the application for new trial must be made within three days after the verdict or decision is rendered. No difficulty arises where a verdict is returned by a jury, but where the case is tried to a court the word, "Decision", is construed in many instances to mean the oral or written opinion of the Court. The Courts in Ohio have many times and universally held that courts speak only through their journals and that the oral or written pronouncement is not the decision of the court, as that term must be legally defined under the above section. The oral or written opinion is nothing more than the predicate for the preparation of an entry, and until the Court has expressed itself through a journal entry it has not spoken at all.

This was the exact situation in the case of **Cox v Cox, 108 Oh St 473.** In

this reported case the trial court had announced from the bench that a divorce was granted, and thereupon one of the parties remarried, and at a subsequent date the trial court caused a ruled. However, nothing was filed or duly journalized entry to be recorded denying the divorce. The Supreme Court held that the verbal announcement of the Court had no binding force or effect and that only the journal was controlling.

In the instant case there can be no question that the filing of motions for rehearing and new trial before the finding of the Court was journalized were premature, but there still remains the question as to whether or not the future action of the Court in overruling the motions for new trial at the same time that judgment was journalized would be effective. We have been referred to and have examined the following cases:

Will v McCoy, 135 Oh St 241;
Industrial Commission v Musselli, 102 Oh St 10;
Cox v Cox, 34 Oh Ap 192;
Cox v Cox, 108 Oh St 473;
State, ex rel Industrial Commission v Day, 136 Oh St 477;
Brenholts v Brenholts, 19 Abs 309;
Anderson v Local Union No. 413, 29 Abs 364; also 35 O. Jur. p. 8;
2nd O. Jur. p. 264;
Section 11599 GC;
Neth Exr. v Neth, 51 Oh Ap 267;
In re Guardianship of Gausepohl, 51 Oh Ap 261.

The case nearest in point on its face is that of State ex rel Industrial Commission of Ohio v Day, Judge, 136 Oh St 477, and, by reason of the fact that it is a very late decision by the Supreme Court, will be controlling. The action was one in mandamus to compel the respondent, a judge of the Court of Common Pleas of Cuyahoga County, to sign a bill of exceptions in a case pending in that court under the style of McCarthy v Industrial Commission of Ohio. According to the allegations of the petition the case in the Court of

Common Pleas was tried before the respondent judge on January 4, 1939. On the following day the defendant, Industrial Commission, filed a motion for new trial. Four days thereafter it was announced this motion was overplaced upon the journal of the court until March 2, 1939, when the following entry was made:

"This cause came on to be heard before the Honorable Judge Frank S. Day, jury having been duly waived and the case was submitted to court on the record and briefs of counsel. After due deliberation the court found in favor of the plaintiff, and that he is entitled to participate in the state insurance fund. Thereupon the cause came on for hearing on the motion of the defendant for new trial herein. Whereupon the court on the 10th day of January, 1939, after due consideration, overruled the same and entered judgment for the plaintiff, to all of which the defendant excepted."

There are further provisions in the entry which are not germane to our present question and, therefore, need not be set out.

Two days later, on March 4, 1939, the Industrial Commission filed a notice of appeal. On March 29, 1939, the Industrial Commission filed a bill of exceptions with the Clerk of the Court and this was transmitted to the respondent judge on April 10, 1939. More than two months later, on June 19, 1939, the judge returned the bill of exceptions to the Clerk with the following notation:

"This bill of exceptions is returned to the clerk's office unsigned for the reason that the same was filed in the clerk's office more than 40 days after the overruling of the motion for new trial."

To the above petition the respondent filed a demurrer on the ground that the action was not brought within the time limit for the commencement of such action and that the petition does

not state facts which show cause of action. The Supreme Court overruled the demurrer. Respondent then filed an answer, the relator filed a general demurrer to the answer which was sustained. The writ was allowed in conformity with the prayer of relator's petition. It will be observed from the statement of facts that the motion for new trial was filed prematurely. In the first instance it was overruled prematurely. But this action of the court was to no avail, since the judgment on the principal issue had not been journalized. In the entry of March 2nd, which was the first entry and only entry decreeing judgment, reference is made to the fact that the court on January 10, 1939, had overruled motion for new trial. As we view it, it necessarily follows that the Supreme Court recognized this motion, prematurely filed and subsequently overruled, was a proper basis for the Court's passing thereon as it did on March 2nd.

The Courts of Ohio have universally held that a motion for new trial and the overruling thereof is an essential predicate to the allowance of a bill of exceptions.

In the case of **Brenholts v Brenholts, 19 Abs 309,** our Court made the following pronouncement as shown in syllabuses 1 and 2:

"The proper time for filing a motion for a new trial in an action tried before the court without a jury is after entry of judgment.

"An irregularity in filing a motion for a new trial after written opinion was filed by the court in the clerk's office but before entry of judgment is not prejudicial where the court passed on such motion and thereafter entered judgment, even though such motion was not thereafter refiled."

In view of the fact that many lawyers have difficulty in formulating a correct technique where cases are tried to a court and it is desired to file motion for new trial, we make the following observation which we hope will be helpful: Whether a chancery case or a law case tried to a court with a jury waived following the announcement of the Court's decision, either oral or written, a finding entry should be filed, and thereafter within three days the motion for new trial should be filed. Thereafter will follow the final judgment entry. In other words, the finding entry takes the place of a verdict. This procedure relieves some of the confusion that sometimes follows the Court's announced opinion in view of provisions of §11599 GC. This section prevents entry of judgment in conformity to the verdict until the expiration of the time of filing of motion for new trial, or immediately after the overruling of such motion when same has been filed. There is no difficulty in following this section where the case is tried to a jury and there is a verdict, but the Supreme Court of Ohio in the case of **Boedker v Richards Company, 124 Oh St 12,** has made the pronouncement that where an action at law is submitted to a court, trial by jury being waived, the finding of the court is the equivalent of the verdict of a jury and is to be governed by all statutes relating to verdicts. In a trial to a court where a jury is waived. we have the apparent anomalous situation where a judgment may not be entered until after the expiration of the time for filing motion for new trial, and the filing of motion for new trial before judgment is premature.

As heretofore stated, a finding entry relieves all uncertainties.

As heretofore stated, we realize that in a measure we are volunteering a discussion of the question differently from what it was presented and only inferentially involved. The only order that we make at this time is that the motion to dismiss the appeal will be overruled. If counsel desires to further preserve their question, they may do so by either filing motion to strike the bill of exceptions from the files or may present their arguments in denial of the

right of our court to consider the bill of exceptions on review.

Entry may be drawn overruling motion to dismiss.

HORNBECK, PJ., GEIGER, J., concur.