**KOCHER et v RICKETTS et**

Ohio Appeals, 2nd Dist, Clark Co

No 424. Decided July 31, 1941

Olinger & Olinger, Springfield, for plaintiffs-appellees and for the motion.

490

Frank L. Nevius, Springfield, for defendants-appellants and contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of appellees to dismiss the appeal for the following reasons:

1. The instant action (the foreclosure of a mechanic's lien) is a chancery proceeding and is governed by the Statutes of Ohio and the rules of law applicable to chancery cases.

2. The final judgment entry in the instant case was journalized January 29, 1941, and the appellants have given notice of appeal from the journal entry filed February 15, 1941, overruling their motion for a new trial, instead of the final judgment journalized in this matter on said January 29, 1941.

3. The instant proceeding being a chancery proceeding, the purported notice of appeal filed on February 17, 1941, did not perfect said appeal (said notice stating in its face that the appeal was on a question of law and fact), for the want of an appeal bond as provided by §12223-6, GC.

4. This case should be dismissed as to the co-defendants, The Merchants and Mechanics Federal Savings & Loan Association of Springfield, Ohio, and Holland Furnace Company; as the defendants-appellants, defendants below, did not file any notice of appeal as to the findings and judgments of the Court rendered against them in this case on January 29, 1941, or February 15, 1941, as provided by law.

(1) and (3). The action, insofar as it pertains to the foreclosure of a mechanic's lien is a chancery proceeding, and, therefore, the defendants had the right in the first instance to prosecute their appeal as upon questions of law and fact, §12223-1 (3) GC, which they elected to do and so indicated in their notice of appeal. But to assure their right to proceed upon this type of appeal it was requisite that they give an appeal bond, §12223-6 GC. This was not done. Therefore, their appeal may not proceed as upon questions of law and fact.

We now determine that this case cannot be heard upon the facts and, it appearing that no bill of exceptions has been filed in the cause, we fix thirty days from the entry journalizing this decision as the time within which the defendants-appellants may have a bill of exceptions prepared and settled in the trial court and this cause will proceed as upon an appeal upon questions of law only. §11564 GC, Re Arasmith, 54 Oh Ap 391.

(2) There was a final judgment entry journalized of date January 29, 1941, motion for new trial filed on February 1, 1941, and the entry which had been spread upon the record of date January 29, 1941, was again filed as the judgment entry on February 15, 1941. The notice of appeal is dated February 17, 1941.

It will be noted that the notice of appeal is within time, if directed either to the judgment entry of January 29th, or of February 1st. The motion for new trial was appropriate and duly filed after the judgment entry, Anderson et v Local Union No. 413, 29 Abs 364, and the time within which the twenty days for filing the notice of appeal began to run after the overruling of the motion for new trial, §12223-7 GC.

Under the recent decision of the Supreme Court, Mosey v Hiestand, Trustee, 138 Oh St 249, though an improper judgment entry is designated in the notice of appeal as the one appealed from, the notice may be amended. In this appeal we do not believe that the amendment to the notice is necessary because the judgment entries are identical and evidently the first entry, although more than a finding entry, was so treated.

(4) This branch of the motion will be overruled at this time because we are unable to say to what extent the co-defendants set out in this branch of the motion will be affected by the appeal of the defendants-appellants.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.