For these reasons, the judgment is reversed and the
cause remanded for further proceedings according to
law.

*Judgment reversed and cause remanded.*

Ross, P. J., concurs.

THE WESTERN RESERVE MUTUAL CASUALTY CO.,
APPELLEE, *v.* HOLSTEIN, APPELLANT, ET AL.

(No. 3487—Decided October 8, 1942.)

*Mr. Wilbur E. Benoy,* for appellee.
*Messrs. Hamilton & Kramer,* for appellant.

BARNES, J. The above-entitled cause is before this
court by reason of an appeal on questions of law, by
defendant Bruno Holstein, from the judgment of the
Court of Common Pleas of Franklin county, Ohio.

The original action in the Common Pleas Court was
brought by plaintiff, appellee herein, for a declaratory

judgment declaring that the policy of insurance issued to defendant Clyde L. Hall on his application for insurance was inoperative because procured by fraud, and that the automobile which caused injuries was driven by Hall while he was intoxicated, in violation of the policy conditions.

After a complete and full trial, the court entered a judgment declaring that The Western Reserve Mutual Casualty Company was under no obligation to defendant Clyde L. Hall, and was under no obligation to pay any judgment procured against him, by reason of both fraud in procurement and violation of the policy conditions.

The trial court filed its written opinion June 10, 1941, finding for plaintiff, The Western Reserve Mutual Casualty Company. Thereafter counsel for the casualty company, following the procedure outlined by this court in the case of *In re Estate of Lowry,* 66 Ohio App., 437, 35 N. E. (2d), 154, prepared a finding entry, presented same to opposite counsel, which they approved, and then filed it on June 24, 1941. No motion for new trial being filed within three days from the filing date of the finding entry, final judgment was entered and journalized on July 2, 1941.

On July 2, 1941, defendant Holstein filed a purported motion for new trial. On November 13, 1941, counsel for the casualty company filed a motion to strike the motion for new trial of defendant Holstein for the reason that said motion was not filed within three days of the finding entry. After hearing, the trial court sustained the motion to strike.

This is the order from which defendant Holstein appeals on questions of law.

The assignments of error were set forth in three separately stated and numbered specifications, as follows:

1. In sustaining the motion on January 30, 1942, to strike from the files the motion for new trial filed by the defendant in said court.

2. In failing, neglecting and refusing to grant to this defendant a hearing on his motion for new trial filed July 2, 1941.

3. Other errors plainly apparent on the record.

The brief of counsel for defendant Holstein definitely discloses that the sole and only error complained of is the action of the trial court in striking from the files defendant Holstein's motion for a new trial. It may be noted that the motion for new trial was not filed within three days after the filing of the written opinion of the trial judge or the filing of the finding entry. So that upon any determination of the meaning of "decision" as employed in Section 11578, General Code, the motion was not filed in time.

From defendant Holstein's brief we are led to the conclusion that counsel recognize their position as contrary to our pronouncement made in the case of *In re Estate of Lowry, supra,* but question the correctness of our decision in the *Lowry case* and, we assume, with the idea of seeking a review in the Supreme Court.

For a period of years this court was definitely committed to the principle pronounced in the *Lowry case.* We have made similar pronouncements in other cases and not infrequently announced from the bench that where a case was tried before a judge (either a chancery case or a law case where jury was waived) the orderly procedure was to file a finding entry, which would have similar status to the verdict of a jury, and thereby would definitely fix the running of the three day period for filing motion for new trial, as fixed by Section 11578, General Code.

Several years ago, in a Clark county case, *Cullice* v. *DeMaro Realty Co.,* 16 Ohio Law Abs., 396, we were

at first of the opinion that the language used in the section fixing the time for filing the motion for new trial was referable to the date of the decision. This was predicated upon the language of the section wherein it says:

"The application for a new trial must be made * * * within three days after the verdict or decision is rendered * * *."

On the application for rehearing calling our attention to the decision of the Supreme Court in at least two cases, we felt compelled to change our holding, *Cultice* v. *DeMaro Realty Co.*, 16 Ohio Law Abs., 625. The import of these decisions of the Supreme Court, as we viewed it, very definitely determined that the word "decision" did not mean a written or oral opinion of the court, since courts speak only through their journals, but must be construed to mean judgment. It was following this Clark county case that we sought to formulate an orderly procedure through which litigants would be protected in seeking a review.

The leading case on this question is *Industrial Commission* v. *Musselli*, 102 Ohio St., 10, 130 N. E., 32. The judgment in this case was by a divided court, Judges Hough and Matthias dissenting. The first paragraph of the syllabus reads as follows:

"The term 'decision,' found in Section 11578, General Code, is used in that section in the sense of *judgment*. The court speaks through its journals and a judgment is not rendered until it is reduced to a journal entry."

We find a similar pronouncement made by the Supreme Court in *State, ex rel. Industrial Commission,* v. *Day, Judge,* 136 Ohio St., 477, 26 N. E. (2d), 1014. The first paragraph of the syllabus refers to and approves the case of *Will* v. *McCoy,* 135 Ohio St., 241, 20

N. E. (2d), 371. In the opinion, at the bottom of page 479 and top of page 480, quotation is made from the opinion of Judge Jones in the case of *Industrial Commission* v. *Musselli, supra.*

In a very recent case decided by the Supreme Court, *In re Estate of Lowry,* 140 Ohio St., 223, 42 N. E. (2d), 987, that court very definitely altered its former views as to the meaning of the word "decision," as used in Section 11578, General Code. Paragraphs 1 and 2 of the syllabus read as follows:

"1. Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts. (*Boedker* v. *Warren E. Richards Co.,* 124 Ohio St., 12, approved and followed; *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, modified.)

"2. In a case wherein trial by jury was waived and the trial judge, after hearing, rendered a decision on the issues presented and thereafter overruled a motion for new trial, which motion had been filed within three days after the finding and decision and prior to the entry of judgment in conformity therewith, a reviewing court is not precluded from considering the case upon the weight of the evidence, upon the ground that such motion for new trial was prematurely filed."

Judge Matthias, speaking for the court, definitely bases his conclusion on the theory that "decision" does not necessarily mean judgment. On page 227 of the opinion we find the following:

"It must be conceded that some confusion has arisen in Ohio by reason of the announcement of this court in the case of *Industrial Commission* v. *Musselli,* 102 Ohio St., 10, 130 N. E., 32, wherein it is stated that the term 'decision' is used in the sense of judgment. Subsequent decisions by this court, and particularly

that in the *Boedker case, supra,* have had the effect of modifying the statement made in the *Musselli case* above referred to."

Until this decision our court had been unable to construe the *Boedker case* as modifying the rule set out in the *Musselli case.*

The decision of the Supreme Court in *In re Estate of Lowry* is the last pronouncement and must be followed.

In line with the principles announced in the *Lowry case* it is very clearly and positively determined that the motion for new trial in the instant case was not filed in time, and further that the trial court committed no error in striking the purported motion from the file.

Ordinarily no extended opinion would be necessary in deciding this case, but we are doing so in order to give as much publicity as possible to the new rule adopted by the Supreme Court so that litigants seeking a review may timely file their motion for new trial, where motion for new trial is necessary to present the errors complained of.

The judgment of the trial court will be affirmed, and costs in this court will be adjudged against the defendant Holstein.

*Judgment affirmed.*

GEIGER, P. J., and HORNBECK, J., concur.